DANIEL E. PRESCOTT, RECEIVER v. JOSEPH PFEIFFER AND BARBARA PFEIFFER.

*Execution—Supplementary proceedings—Suit by receiver.*

1. The receiver appointed in supplementary proceedings at law on return of an execution unsatisfied, can sue third persons at law or in equity as if he were an assignee; but in the proceedings themselves the judgment debtor only can be a party.

2. An action for money had and received rather than a bill in equity is the proper remedy for reaching proceeds of a sale by an insolvent debtor, but paid to his wife, if their amount is ascertainable by a money judgment and all the facts are known before filing a bill.

Appeal from Wayne. (Speed, J.) May 1.—May 13.

Proceedings in the nature of a creditor's bill. Defendants appeal. Reversed.

*Ed. E. Kane* for complainant. Under the New York statute as to proceedings supplementary to execution, a receiver may sue to set aside fraudulent assignments and transfers of the debtor's property made with a view to defeat his creditors, and may recover the property so transferred to apply it in satisfaction of the judgments: High on Receivers § 454; *Porter v. Williams* 9 N. Y. 142; *Bostwick v. Menck* 40 N. Y. 383; *Green v. Bostwick* 1 Sandf. Ch. 185;

57 21
101 407

57 21
111 535

57 21
123 429
123 430

57 21
155 2 64

*Underwood v. Sutcliffe* 10 Hun 458 ; *Brown v. Gilmore* 16 How. Pr. 527 ; *Manley v. Rassiga* 13 Hun 290 ; *Hobart v. Frost* 5 Duer 672 ; *Attorney General v. Life Ins. Co.* 77 N. Y. 272 ; such is also the law in Wisconsin, where the practice is similar to that in New York : *Hamlin v. Wright* 23 Wis. 491 ; although creditors cannot compel their debtor to labor for the purpose of paying his debts, yet they have a just claim in law upon the fruits of such labor as he performs : Bump on Fraudulent Conveyance p. 271 ; *Tripp v. Childs* 14 Barb. (N. Y.) 85 ; *Waddingham's Ex'rs v. Loker* 44 Mo. 132–6 ; *Glidden v. Taylor* 16 Ohio St. 509–522 ; *Quidort's Administrator v. Pergeaux* 18 N. J. Eq. 481 ; *Bank of Metropolis v. Sprague* 20 N. J. Eq. 13 ; *Keeney v. Good* 21 Penn. St. 349 ; *Pawley v. Vogel* 42 Mo. 291 ; *Patterson v. Campbell* 9 Ala. (N. S.) 933 ; *Parshall v. Fisher* 43 Mich. 529 ; Bump. on Fraud. Conv. 567 ; *How v. Camp* Walk. Ch. 427, 436: *Robinson v. Boyd* 17 Mich. 128, 135 ; *Reeg v. Burnham* 55 Mich. 39.

*Julian G. Dickinson* and *Henry M. Cheever* for defendants. Any trust, upon a proper case in favor of creditors, could be reached only by judgment creditor's bill ; this is not such a bill nor such a case : *Thayer v. Swift* Har. Ch. 430 ; *McKibben v. Barton* 1 Mich. 213 ; *Trask v. Green* 9 Mich. 358 ; *Maynard v. Hoskins* 9 Mich. 485 ; *Harwood v. Underwood* 28 Mich. 427; *Hall v. McMahon* 10 Abb. Pr. (N.Y.) 103; the proceedings are not of such nature as to open the inquiry relative to fraud : *Jones v. Schall* 45 Mich. 379 ; *Hazeltine v. Granger* 44 Mich. 503 ; the statements in the bill are not alleged with sufficient certainty in any respect, or in respect to particulars or basis, to make out a case for the relief prayed : *Rhead v. Hounson* 46 Mich. 243 ; *Hopson v. Payne* 7 Mich. 334 ; *Dawson v. Hall* 2 Mich. 390 ; Story's Eq. Pl. §§ 268, 265, 251 ; 1 Danl. Ch. Pr. 324.

CAMPBELL, J.   Complainant is a receiver appointed in supplementary proceedings on the law side of Wayne circuit court on the return of an execution unsatisfied in favor of Dahlman, Spiegel & Weil against Joseph Pfeiffer, whose wife, defendant Barbara, is brought in as holding or having received his property.

The judgment was rendered on a debt incurred in 1875. After execution returned, the usual investigation was had by examining defendant and his wife, and other witnesses. This

having been done, the receiver, at the request of the creditors, filed this bill, which, upon its face, was designed to reach a stock of goods in Joseph's possession, but claimed as Barbara's, certain real estate, which was always in her name, and the accounts arising out of the tailoring business, which had been carried on under Joseph's supervision.

The bill was demurred to chiefly for want of equity in substantial matters. The demurrer being overruled, defendants answered. The court below granted a decree holding defendant Barbara responsible for $1600 received by her on the sale of a former business transferred to one Charriper, with whom there had been a partnership, deducting some advances made by her to that concern.

An objection made to the right of the receiver to attack fraudulent transfers does not seem to us well taken. The case relied upon for this is *Reed v. Baker* 42 Mich. 272, where we held that in the legal supplementary proceedings no one but the judgment debtor could be treated as a party, and therefore third persons could not have their rights passed upon as they might under an ordinary creditors' bill under which they were made parties. But we did not hold the receiver could not sue them. On the contrary, we think he may do so in such form, legal or equitable, as is best adapted for that purpose.

But inasmuch as he must sue as an assignee, he must sue in such a form as the nature of the case requires, and if there is an adequate remedy at law for the judgment creditors or for himself, there is no occasion to resort to equity.

Under the statute whereby he was appointed, the receiver is entitled to whatever property Joseph Pfeiffer had, and to whatever he may have transferred in fraud of creditors.

The bill claims, and complainant now claims, that the stock in trade of the tailoring business belongs to Joseph Pfeiffer. If so, there was no reason why it could not have been levied on by execution. Neither is there any apparent reason why complainant, as assignee of Joseph, could not have replevied the goods if withheld, and also sued any debtors of the concern. The testimony taken under the bill discloses no new

facts of any importance beyond what appeared from the disclosures before the bill was filed. It was then known in what way the business had been carried on, and what had become of the proceeds, and the bill waives an answer under oath, so that the grounds for equitable instead of legal action did not depend upon any question of discovery.

The business was carried on by Pfeiffer & Charriper as partners, up to July, 1880, when Charriper bought it out and paid in money and notes $1600. The notes were given payable to Barbara, and were for $1100. It is not now very important whether she or her husband was before that the real partner. It is clear that she furnished a portion, and probable that she furnished all, of the capital put in with Charriper's, and it is also clear that Joseph did tailoring work which was instrumental in procuring the profits, and that the family expenses were met out of the business. But when Charriper bought out the establishment, it is beyond dispute that the proceeds were intended to belong to Barbara. If they were not legally hers, as the court below found under the testimony, that court has also found that the amount was a certain one capable of ascertainment by a money judgment, and was the only basis of recovery. The facts being known before the bill was filed, an action for money had and received would have reached the same result, and was a more suitable remedy than a bill. All the other grounds of equity are denied by the effect of the decree, which is not appealed from by complainant.

But it may not be improper to consider how these parties stand upon the facts. It was competent for Pfeiffer to relinquish the notes in question to his wife, unless it would be in fraud of creditors. No one appears to have any ground to complain of it but the judgment creditors in this case. The debt they sued on was earlier in date. But both defendants testify that it had been settled by transfer of property, and the creditors bring no proof to the contrary. Joseph is no doubt bound by the judgment, although he swears he did not defend because he did not anticipate he would be bound. But Barbara waived nothing, and it was open to her to prove

the facts.   There was no ground why she should be held responsible to them for the receipt of the money or notes.

It also appears that she put in this property into the business subsequently carried on under her husband's charge, and if that was his business, as complainant claims, the fund is accessible in that shape, and she cannot be held responsible for both money and stock.   We are not satisfied that she had any fraudulent purpose in fact, and if this property is not hers, it is only because she has put it where it is merged in her husband's business, which was made valuable by his personal labor.   But the decree does not seek to cover this business.

We think that the bill did not make out a case of failure of legal remedies, and also that the only relief actually granted was not well founded either on the facts, or as an equitable remedy.

Decree must be reversed and bill dismissed.

The other Justices concurred.