TERRANOVA v. COTTRELL BLOCK CONSTRUCTION CO.

1. EQUITY—MOTION TO DISMISS—PLEADINGS—ADMISSIONS.
   On motion to dismiss bill in equity all properly alleged facts stated in the bill are accepted as true and well-pleaded facts in defendants' answers which are not controverted must also be taken as admitted and considered when deciding motion (Court Rule No. 23, § 2; No. 24, § 1 [1933]).

2. INJUNCTION—ADEQUATE REMEDY AT LAW.
   Injunction will not issue to prevent breach of contract where there is an adequate and complete remedy at law.

3. EQUITY—ACCOUNTING—SERIES OF TRANSACTIONS AND PAYMENTS.
   To sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other.

4. SAME—DISCOVERY—STATUTES—COURT RULES.
   Discovery is not in itself a ground for equitable interference in view of the full opportunity for discovery in a law action under statute and court rule (3 Comp. Laws 1929, §§ 13543–13547; Court Rule No. 40 [1933]).

5. SAME — BROKERS — COMMISSIONS — ACCOUNTING — DISCOVERY.
   Bill by real estate broker for injunction against sale of lots and for an accounting as to lots sold without payment of

commissions pursuant to agreement with plaintiff did not state facts entitling plaintiff to an accounting where it did not allege a series of transactions and payments, that any effort was made to secure the information under the so-called discovery rule nor fraud in the procurement of the contract (3 Comp. Laws 1929, §§ 13543–13547; Court Rule No. 40 [1933]).

6. Brokers—Commissions—Equity—Adequate Remedy at Law.
  A broker cannot enforce contract to pay commission for sale of real estate by suit in equity to collect such commissions on land sold by defendants in view of complete remedy at law by action for breach of contract.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 4, 1942. (Docket No. 41, Calendar No. 42,034.) Decided July 1, 1942.

Bill by Nicholas Terranova against Cottrell Block Construction Company, a Michigan corporation, and others for an injunction and accounting Bill dismissed. Plaintiff appeals. Affirmed.

*Ernest P. La Joie,* for plaintiff.

*Crawford S. Reilley,* for defendant Cottrell Block Construction Company and others.

*Lewis Brooke,* for defendant Farris.

Sharpe, J. Plaintiff filed a bill of complaint in the circuit court of Wayne county and alleged that he is a licensed real estate broker; that Cottrell Block Construction Company is a Michigan corporation in the general real estate and construction business; that John B. DeGalan is doing business as the Melvindale Development Company; that the other defendants are individuals and residents of Wayne county, Michigan; that in October, 1941,

Herman Farris was the owner of an equity in a group of lots, all of which were delinquent in taxes and had been taken over by the State of Michigan for the nonpayment of taxes; that such lots were about to be sold by the State land. office board to the general public; that prior to such sale, defendant Louis Smilansky interested plaintiff into going into a building company to utilize 50 lots, not involved in this transaction, for the purpose of building homes on such lots, plaintiff to be the broker for the sale of such homes; that about this time, plaintiff discovered that Herman Farris owned several hundred lots in various subdivisions practically all of which were subject to the so-called State scavenger sale; that plaintiff proposed to Louis Smilansky that arrangements be made to secure certain of these lots from Herman Farris and the State of Michigan; that meetings were held with plaintiff, Louis Smilansky, John B. DeGalan, and the Cottrell Block Construction Company and it was agreed that the Cottrell Block Construction Company would be enabled to bid at the scavenger sale as an owner of the lots and plaintiff would have the right to sell such lots; that as a result of this verbal agreement, plaintiff attended the scavenger sale and the lots were bid in under the name of Effie James, who is the wife of John R. James, president of the Cottrell Block Construction Company; that plaintiff attended the sale in an advisory capacity for the Cottrell Block Construction Company and advised as to which lots should or should not be purchased; and that on November 17, 1941, he entered into the following agreement:

"This is to confirm our verbal agreement, made November 15th, in our office, relative to your handling the sale of numerous lots which we own in the city of Melvindale, Michigan.

"1. We will pay to you a real estate broker's commission of $50 per lot on any and all sales of lots which are accepted by us.

"2. In the event that we sell a lot or lots direct and pay no commission to any broker, we will pay you a commission of $50 per lot.

"3. If we sell through another broker and pay him a $50 commission per lot, we will then pay you an overriding commission of $20 per lot. In the event that we pay another broker less than $50 per lot, we will then pay you, in addition to said $20 overriding commission, 50 per cent. of the difference between $50 and the amount of commission per lot which we paid an outside broker.

"4. In the event that you sell in cooperation with another broker, we will then pay you a $70 commission per lot which you will split with the other broker by agreement with him.

"5. All promotional expenses, such as signs, brochures, et cetera, shall be charged to a promotional account in our books and from time to time as commissions are paid to you, we shall subtract from said commission in an amount not to exceed 10 per cent. of the commission, funds until you have paid for cost of said promotion.

"6. This agreement shall be in effect until March 1, 1942, at which time it will terminate, provided however, that in the event that there has been a sale of at least 50 lots, then the above agreement shall automatically be renewed until September 1, 1942.

"Very truly yours,
"(Signed)    John B. DeGalan
              By Edwin Gage
              John B. DeGalan
              For Cottrell Block
              Construction Co."

Plaintiff also alleged that on or about November 10, 1941, John B. DeGalan filed a certificate of doing business under the assumed name of Melvindale De-

velopment Company; that it was understood and agreed between plaintiff, Cottrell Block Construction Company, Smilansky, and DeGalan that the actual business of selling the lots would be done under the name of Melvindale Development Company; that thereupon plaintiff proceeded to advertise the lots and expended a great deal of time and effort in interesting brokers and builders in the property; that in the early part of 1942, there appeared to be an added interest in home building and thereupon Smilansky, DeGalan, Cottrell Block Construction Company and Farris entered into a conspiracy to deprive plaintiff of the benefits to be derived by him under his contract; that these defendants made a deal whereby, ostensibly, defendant Farris repurchased all of the lots from defendant Effie James and thereby took from plaintiff the opportunity to sell any of the lots; and that by reason of the conspiracy projected by the defendants, except Effie James, plaintiff was unable to negotiate for the sale of any of the lots.

Plaintiff asked for an injunction against the defendants restraining them from selling any of the lots; that an accounting be had for all lots sold by them since November 17, 1941, and the contract be decreed to be in full force and effect.

The trial court entered an order to show cause; and on March 17, 1942, the defendants filed a motion to dismiss the bill of complaint for the following reasons:

1 "If the allegations in plaintiff's bill of complaint are true, plaintiff has an adequate remedy at law.

2 "It does not appear from the bill of complaint (that plaintiff's contract, Exhibit A, referred to in the bill of complaint) was fraudulently induced to

be entered into by the defendants. Plaintiff's remedy for enforcement of same is an action at law.

3 "That it does not appear on the face of the bill of complaint that an accounting is necessary in that it is not alleged or clearly shown that an action at law is inadequate for that purpose.

4 "That it appears on the face of the bill of complaint that plaintiff if he has any action could recover for his claim services and damages, if any, in an action at law.

5 "That there is a misjoinder of defendants."

Later the defendants filed answers to the order to show cause.

The above motion came on to be heard and the trial court stated in her opinion:

"If the complainant has any standing in the court, it is because he has made a valid contract with the defendants for the sale of real estate and for real estate commissions. He seeks an enforcement of this contract in equity. If he has a valid contract, his remedy at law is complete in the appropriate action for breach of contract."

An order was thereupon entered dismissing plaintiff's bill of complaint. Plaintiff appeals and contends that he does not have a complete and adequate remedy at law; and that he must resort to a court of equity in order to protect his rights in the premises. It is the theory of plaintiff that the defendants entered into a conspiracy to obtain the benefits of plaintiff's efforts by secret deals to place the property in such a position that plaintiff could no longer obtain the benefits of his work.

On a motion to dismiss a bill of complaint all properly alleged facts stated in the bill are accepted as true, *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich. 296; *Wedin* v. *Atherholt,* 298 Mich. 142, and well-pleaded facts in defendant's answers

which are not controverted must also be taken as admitted and considered when deciding a motion to dismiss, *Case* v. *City of Saginaw,* 291 Mich. 130.

See, also, Court Rule No. 23, § 2 (1933), and Court Rule No. 24, § 1 (1933).

In *Laubengayer* v. *Rohde,* 167 Mich. 605, 609, we said:

"Complainant's rights are to be tested by the allegations in his bill taken as true, rather than by his prayer for relief."

In defendants' answers to the order to show cause it was alleged and not controverted that plaintiff has no contract or agreement with Effie James for the sale of any of the lots in question; and that on or about February 19, 1942, plaintiff agreed to accept the sum of $1,000 in full settlement for services rendered by him in connection with sale of said lots.

It is the rule in Michigan that where there is an adequate and complete remedy at law injunction will not issue to prevent breach of contract.

In *Attorney General, ex rel. Marr,* v. *Board of Education of Detroit* (syllabus), 133 Mich. 681, we held:

"A bill in equity will not lie, at the suit of a schoolbook publisher, to enjoin a board of education from making a change of textbooks in the public schools, in violation of an alleged contract with complainant, as there is an adequate remedy at law."

In *Lee* v. *Hedenskoog,* 200 Mich. 427, we held that a court of law is as competent as a court of equity to award a money judgment.

The prayer for relief in plaintiff's bill of complaint asks for an accounting for all lots sold by defendants since November 17, 1941.

In *Laubengayer* v. *Rohde, supra,* we said:

"To sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other."

In *Austin* v. *Socony Vacuum Oil Co.,* 291 Mich. 513, we said:

"It may be that the complication of the books and records of the Davis Gasoline Company will require discovery. Plaintiffs are afforded full opportunity for such discovery in a law action under Court Rule No. 40 (1933) (3 Comp. Laws 1929, §§ 13543–13547 [Stat. Ann. §§ 27.37–27.41]). Despite plaintiffs' contrary contention, discovery is not in itself a ground for equitable interference."

In the case at bar the bill of complaint does not allege a series of transactions and payments, nor does it allege that any effort was made to secure the required information as to the number of lots sold under the so-called "discovery rule." Under such circumstances we must hold that the bill of complaint does not state facts entitling plaintiff to an accounting.

Nor does the bill allege any fraud in the procurement of the contract. It does allege that plaintiff knew all about the transaction from the start, knew that Farris was the owner of the lots, attended the sale and knew that the lots were bid in by Effie James.

As we view the case plaintiff seeks the aid of a court of equity to collect commissions on the sale of real estate under the terms of his contract. As was said by the trial judge: "He seeks an enforcement of this contract in equity. If he has a valid contract, his remedy at law is complete in an appropriate action for breach of contract."

The decree of the lower court is affirmed, with costs to defendants.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.