ABEL v. WAYNE COUNTY SHERIFF.

1. PARTIES—WITHDRAWAL.

In suit by some 278 plaintiffs, employees in defendant county sheriff's office, to determine their status in such positions, it was permissible for 83 plaintiffs to withdraw as such plaintiffs by filing affidavits to the effect that they never gave their consent to become parties plaintiff to the case and their names had been signed without authority.

2. EQUITY—LACHES.

Laches is a personal defense which must be pleaded.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOTION TO DISMISS—LACHES.

On appeal from order denying motion to dismiss, the question of whether or not plaintiffs were guilty of laches may not be considered.

4. ACTION—COMMON LAW—DECLARATORY JUDGMENT.

Where relief may be obtained at common law, a declaratory judgment will be denied (3 Comp. Laws 1929, § 13903 et seq.).

5. SAME—COUNTY CIVIL SERVICE COMMISSION—SUPREME COURT.
    In suit by employees of county sheriff's office to determine their
        status under county civil service act, the Supreme Court cannot,
        by a declaratory judgment, by-pass the civil service commission and order plaintiffs blanketed into civil service (3 Comp.
        Laws 1929, § 13903 *et seq.;* Act No. 370, Pub. Acts 1941).

6. EQUITY—MULTIPLICITY OF SUITS.
    Suit by about 200 employees of county sheriff's office to enjoin
        sheriff-elect from discharging them and for declaratory judgment that each of them was entitled to be blanketed into civil
        service status as county employees and to require defendant
        county civil service commission and other county officers to
        perform acts incumbent upon them to be performed, may not
        be maintained merely to avoid a multiplicity of suits where
        three class suits would bring about determination sought
        herein (3 Comp. Laws 1929, § 13903 *et seq.;* Act No. 370, Pub.
        Acts 1941).

7. APPEAL AND ERROR—SUPREME COURT—PLEADING.
    On appeal from order denying a motion to dismiss, the Supreme
        Court must assume all well-pleaded facts alleged in the bill of
        complaint to be true.

8. EQUITY—MOTION TO DISMISS—PLEADING—FINALITY OF DETERMINATION.
    Where bill of complaint by about 200 employees of county sheriff's
        office fails to state the particular status of the plaintiffs, seeking
        a determination of such status under the county civil service act,
        neither the trial court nor the Supreme Court may determine
        status on motion to dismiss, hence, case must be remanded for
        further proceedings (Act No. 370, Pub. Acts 1941).

9. COSTS—PUBLIC QUESTION—STATUS OF EMPLOYEES OF SHERIFF'S
    OFFICE.
    No costs are allowed in suit by about 200 employees of county
        sheriff's office to determine their status under county civil
        service act, a public question being involved (3 Comp. Laws
        1929, § 13903 *et seq.;* Act No. 370, Pub. Acts 1941).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 8, 1948. (Docket No. 25, Calendar No. 43,799.) Decided April 5, 1948.

Bill by Wyman S. Abel and others against Edward Behrendt, Sheriff of Wayne County, and others

for injunction restraining removal of plaintiffs from the positions they held, for declaration of rights and writ of mandamus. Motion to dismiss denied. Defendants appeal. Affirmed and remanded.

*Walter M. Nelson,* for plaintiffs.

*James N. McNally,* Prosecuting Attorney, and *J. Lynn Fewlass, Julius C. Pliskow,* and *Philip A. McHugh,* Assistant Prosecuting Attorneys, for defendants.

*Joseph A. Powers,* for defendant Behrendt.

Butzel, J. On December 28, 1946, Wyman S. Abel and 277 others filed a bill in the circuit court for the county of Wayne, in chancery, against Edward Behrendt, sheriff-elect of Wayne county, Andrew C. Baird, the incumbent sheriff, whose term of office expired three days later on December 31, 1946, the civil service commission of the county of Wayne, its members and personnel director, and the chairman and members of the Wayne county board of auditors. One of the plaintiffs, Mabel L. Seaborg, signed and swore to the bill of complaint as agent for all of the plaintiffs and on her own behalf. Eighty-three of the plaintiffs have filed affidavits to the effect that they never gave their consent to become parties plaintiff to the case, and that their names had been signed without any authority whatsoever. They had a right to withdraw as parties plaintiff.

Plaintiffs alleged in their bill that for months and years each and all of them have been employees in the sheriff's office of Wayne county, having been selected and appointed to their positions by the sheriff, and having performed their duties under his supervision. They set forth the adoption of a

county civil service system by the electors of Wayne
county in conformity with Act No. 370, Pub. Acts
1941 (Comp. Laws Supp. 1945, § 1464–11 *et seq.*,
Stat. Ann. 1947 Cum. Supp. § 5.1191 [1] *et seq.*),
effective on November 20, 1942. They further allege
that some of the plaintiffs had been in the employ
of the sheriff of Wayne county for more than two
years prior to the date the civil service act became
effective in the county, that many others of the
plaintiffs are fully entitled to the benefits of the act,
and that they and the positions they respectively
hold and occupy are entitled to be blanketed into
civil service status. They allege a failure on the
part of the civil service commission to perform its
duty to classify their positions under civil service
and claim that the commission has discriminated
against them.

It is also alleged that the sheriff-elect, Edward
Behrendt, has announced his intention to remove
plaintiffs from their positions, contrary to their
rights under the civil service act, without any action
on the part of the civil service commission. They
ask for writs of injunction and mandamus to pre-
vent the sheriff-elect from discharging or removing
them. They also pray that a declaratory judgment
be rendered to the effect that each and every one of
them is entitled to be blanketed into civil service
status as employees of Wayne county, and that each
of them is entitled to the civil service status appli-
cable to their several positions under the rules and
regulations adopted by the county civil service com-
mission. They further pray that the defendants be
ordered to perform each and all of the acts and
duties by law incumbent upon them severally to be
performed.

On application, an order to show cause why a tem-
porary injunction should not be granted was issued.

Evidently no temporary injunction was issued. All of the defendants, with the exception of Baird, moved specially to dismiss the plaintiffs' bill of complaint.

Defendants contend that plaintiffs have a full, adequate and complete remedy at law by petition for writ of mandamus, and that their bill does not state an equitable cause of action. In their motion to dismiss, they also insist that there is an improper misjoinder of parties, and that the legal question involved had been decided adversely to plaintiffs in two cases that arose in the Wayne circuit court. Defendants specifically refer to the cases of Hunter v. Sheriff of Wayne County, and Wagner v. Sheriff of Wayne County, decided by Circuit Judge John V. Brennan on December 10, 1945, in which he held that deputy sheriffs are not subject to the provisions of the county civil service act. On September 12, 1946, application to this Court for leave to appeal from this decision was denied.

Numerous affidavits were filed in the instant case by the respective parties. Plaintiffs claim that the decisions in the Hunter and Wagner cases do not affect them as they were not parties to the litigation. It seems that in those cases, Mr. Baird, by whom almost all of the plaintiffs were employed as deputies, strenuously claimed that neither Hunter nor Wagner, two of his deputies, came under the civil service act and that he had a right to discharge them. Plaintiffs now claim that the court was wrong in upholding Mr. Baird's claims. However, defendants contend that if plaintiffs were dissatisfied with the decisions in the Hunter and Wagner cases, it was their duty to act promptly. Wagner, the plaintiff in one of the cases, had held the position of jail superintendent under Sheriff Baird, and the cases and their outcome undoubtedly came to the attention of

almost all of the plaintiffs. Defendants claim that there was ample time from December 10, 1945, when Judge Brennan handed down his decision, or from September 12, 1946, when this Court denied application for leave to appeal, or even from November 5, 1946, when Mr. Baird was defeated at the polls, in which to file a proper petition for a writ of mandamus to have the rights of the plaintiffs determined. Defendants point out that the plaintiffs' bill was filed only three days (one of which was a Sunday), prior to the time the sheriff-elect was to take office, and that it is the duty of the incoming sheriff to make his appointments of deputies in advance so that the administration of the office may be taken over smoothly without interruption. The contention, in effect, is that plaintiffs have been guilty of laches. However, laches is a personal defense which must be pleaded, and as no answer has yet been filed by defendants, that question may not be considered at the present time.

In the motion to dismiss, it is further claimed that plaintiffs have joined a petition for writ of mandamus, a law action, with a bill in equity. While there may be real merit to this claim, we do not pass on it now. Plaintiffs, on the other hand, insist that, in the last analysis, the suit is one for a declaratory judgment. Defendants claim that such a suit would be improper, as mandamus furnishes a full, complete and adequate remedy, and that plaintiffs cannot by-pass the civil service commission by asking for a declaratory judgment blanketing the plaintiffs into civil service status. We have frequently held that where relief may be obtained at common law, a declaratory judgment* will be denied. *Miller* v. *Siden,* 259 Mich. 19; *Page* v. *Story,* 280 Mich. 43;

---

* See 3 Comp. Laws 1929, § 13903 *et seq.* (Stat. Ann. §.27.501 *et seq.*).—REPORTER.

*Rott* v. *Standard Accident Insurance Co.,* 299 Mich. 384. Also, see annotation in 172 A. L. R. 847, at page 861.

The county civil service act (Act No. 370, Pub. Acts 1941, *supra*) provides in section 14 that all appointed officers and employees of the county who have held their positions for more than two years prior to the effective date of the act, shall hold their positions without examination, while those who have been employed for one year and less than two years shall be required to take a qualifying examination, and those employed for less than one year shall be required to pass a competitive examination. Provision is also made for filling of vacancies. Even assuming that the decision of the circuit judge in the Hunter and Wagner cases would be reversed, still this Court could not, by a declaratory judgment, by-pass the civil service commission and order all of the plaintiffs to be blanketed into civil service status.

Plaintiffs claim that by bringing the present form of action they avoid a multiplicity of suits. However, if class suits were brought, it would require but three suits to classify deputy sheriffs who respectively began their terms of office either two years, one year or less than one year prior to the effective date of the act.

However, in one of the exhibits filed by plaintiffs it appears that several of the plaintiffs were employed by Sheriff Baird in December, 1946, but a few weeks prior to his retirement from office. The question naturally arises how does this affect plaintiffs. The bill does not show what positions the plaintiffs held.

The trial judge, in a short opinion, took the view that the question raised by the bill of complaint is

whether the parties come under the jurisdiction of the civil service commission.   He said:

"The court feels that he is unable to tell by the bill of complaint and the affidavits filed with the motion to dismiss just the particular status of the plaintiffs in the action, that is, whether they are deputy sheriffs or whether they are members of the sheriff's staff that are not deputized; that therefore he cannot on this motion to dismiss decide that question."

The facts were not before the circuit judge and they are not before us on a motion to dismiss.   It is true that on a motion to dismiss we must assume all well-pleaded facts alleged in the bill of complaint to be true.   On the present record the trial judge did not have a full opportunity to ascertain all of the facts and then come to an independent conclusion. We are not able to do so either.   We, therefore, believe that the order denying the motion to dismiss should be affirmed and the case remanded for further proceedings, but without costs, a public question being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.