SEREMETIS v. COOK.

1. Animals—Contract—Possession.

Defendant who had contracted to care for plaintiff's cattle and swine during summer months had possession thereof and under such original arrangement, where he took them to his own farm from plaintiff's farm notwithstanding objections of plaintiff's tenant.

2. Appeal and Error—Questions Reviewable—Abandonment of Claim—Accounting.

Items of credit claimed by plaintiff in his testimony in suit for accounting by farmer as due from latter because of failure to fulfill undertakings as to crops and products, not discussed in his brief on appeal, although they could be considered as abandoned are found without merit upon examination of pertinent testimony.

3. Animals—Accounting—Pasturage—Feed—Vaccination.

In farm owner's suit for accounting as to livestock which defendant had contracted to care for, evidence sustained trial court's finding that $950 was due defendant on his cross bill for feed and vaccination services over and above plaintiff's claims for pasturage of defendant's own stock, the case being heard de novo by the Supreme Court.

---

References for Points in Headnotes

[2] 3 Am Jur, Appeal and Error, §§ 770, 776.
[4] 2 Am Jur, Animals, § 22.
[4] Character of legal relationship which will support statutory lien for care or feeding of animals. 107 ALR 1072.
[5] 3 Am Jur, Appeal and Error, §§ 1215, 1227.
[6] 14 Am Jur, Costs, § 92.

4. SAME—DEMAND—POSSESSION—CARE AND KEEP—LIENS.
    Demand of plaintiff for his cattle and swine of which defend-
    ant had possession by virtue of an oral contract for care
    and keep did not entitle plaintiff to possession nor stop
    charges for care and keep, where plaintiff neither paid nor
    offered to pay defendant what was then due for care and
    keep of the animals as defendant had a statutory lien for
    charges until paid (CL 1948, § 570.185).

5. APPEAL AND ERROR—ACCOUNTING—REMAND—ANIMALS—INTEREST.
    Remand to trial court of suit for accounting as to plaintiff's
    animals in which defendant obtained a decree for care and
    keep is made for determination of amount due for such
    service since date of decree appealed from including in-
    terest at 5 per cent. on amount decreed defendant (CL 1948,
    § 570.185).

6. COSTS—SEASONABLE BRIEF.
    No costs are allowed appellee upon affirmance of decree, where
    his brief was not filed seasonably.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted January 4, 1950. (Docket No. 42, Calendar No. 44,265.) Decided April 11, 1950.

Bill by Elias Antonios Seremetis, also known as Louis A. Sherman, against Fred E. Cook for accounting and return of property. Cross bill by defendant against plaintiff for accounting and return of other property. Decree for defendant. Plaintiff appeals. Affirmed.

*Bucknell, Birkhold & Fayling,* for plaintiff.

*Jack H. Fisher,* for defendant.

REID, J. Plaintiff and defendant entered into a verbal arrangement in May, 1946, by which plaintiff permitted defendant to use most of plaintiff's farm for pasturage during the pasturage season of that year and to plant certain crops upon and use the farm for certain other purposes, for all of which de-

fendant was to care for plaintiff's cows and swine. Each of the parties was to share in the crops and milk produced and each party to be advantaged in the matter of progeny of the cows and swine owned by each party.

Plaintiff filed his bill for an accounting for matters occurring under the arrangement and for return of certain personal property held by the defendant. Defendant filed a cross bill for an accounting for items not stated at all in the bill or stated in the bill in a different manner than in defendant's cross bill, and also for return or opportunity to retake possession of certain personal property. From a decree requiring plaintiff Sherman as cross-defendant to pay defendant Cook (cross-plaintiff) $950 balance for feed and other items, plaintiff Sherman appeals.

Plaintiff Sherman operates a restaurant in Battle Creek. He bought in separate purchases a total of 400 acres of farm land near Augusta on which farming operations except pasturage, had not recently been carried on. Defendant Cook is a farmer and his farm is near to plaintiff's farm. The plaintiff did not live on the farm purchased by him and had no practical knowledge of farming operations.

In May, 1946, plaintiff, owning about 10 sows and 4 cows, entered into an ill-defined arrangement with the defendant, who possessed cows and sows of his own, by which certain operations were to be carried on on plaintiff's farm by defendant during pasturing season but not during the following winter of 1946. The plaintiff was to furnish the use of his land; the defendant was to plant certain of plaintiff's acreage with crops of potatoes, also if possible, 40 acres of soy beans, and to cut hay, all on a 50–50 basis. The defendant was also to pasture his own cows on the plaintiff's land at $1 a head a month in excess of the number of plaintiff's cows, the skim milk from plaintiff's cows and an equal number of defendant's cows

to go to feeding pigs. Plaintiff agreed to let 10 of defendant's sows pasture on plaintiff's land without charge. Defendant was to take care of the part of plaintiff's farm in question and the stock only during pasture time, not in the winter. Plaintiff was to pay for the feed for his livestock cared for and fed by defendant and did pay for a portion of the feed ' furnished by defendant.

Plaintiff's 4 cows were removed to defendant's premises and placed under defendant's care. The pigs which were self-feeders were to be kept by defendant on plaintiff's farm. The livestock of plaintiff was transferred back and forth from the farm of plaintiff and defendant according to which farm had the best pasture at any given time and for vaccination and castration, which transfers defendant claims were agreeable to plaintiff.

On December 26, 1946, plaintiff's tenant Erskine, acting without the authority of plaintiff, refused defendant admittance to plaintiff's premises, where defendant sought to feed his own hogs. Notwithstanding such unauthorized refusal, defendant went onto the premises of plaintiff, opened the gate, let all of the hogs out into the road, and took them back to his (defendant's) premises. Plaintiff made demand for his cows and pigs later the same day, December 26, 1946, but defendant informed plaintiff that he could not have them until he paid his feed bill. Under the arrangement defendant was solely responsible for the care of the livestock. Defendant had said livestock in his possession and care under the original arrangement.

The trial court found $950 due from plaintiff Sherman as cross-defendant to defendant Cook as cross-plaintiff.

Certain items of credit claimed by plaintiff in his testimony as due him from defendant because of claimed failure of defendant to fulfill his undertak-

ings as to crops and products, are not discussed in plaintiff's brief and we can consider such items abandoned by plaintiff. However, we have carefully considered the testimony pertaining thereto and find plaintiff's claims in such particulars without merit.

Plaintiff claims that defendant had benefit of pasturage of defendant's stock on plaintiff's farm in excess of the amount of pasturage agreed on without paying therefor. Cross-plaintiff Cook advanced a claim for feed and vaccination services of $1,316.37. The trial court did not find such claim fully proven but evidently after taking into consideration plaintiff's claim for pasturage of $189 and other offsetting items claimed by plaintiff, allowed defendant $950 as the still remaining balance due defendant. This being a chancery case we hear the same *de novo,* but give careful consideration to the finding by the trial court. In this case we cannot say we would have come to a different conclusion if we had tried the case in the first instance. We deem that the finding by the trial court is correct and affirm the same.

Defendant had the livestock in his possession, care and keeping by virtue of the agreement of the parties and therefore it is to be considered that plaintiff had delivered to defendant the possession thereof within the terms of the statute hereinafter cited. It was testified to, even by plaintiff, that defendant had the sole care of the cows and swine. Plaintiff claims that as he made a demand on December 26, 1946, for the return of the cows and swine, that defendant should be allowed nothing for the care and keep of the animals after that date. Plaintiff's claim in that regard is without merit because he neither paid nor offered to pay defendant what was then due defendant for care and keep of the animals.

CL 1948, § 570.185 (Stat Ann § 26.401) is in part as follows:

"Whenever any person shall deliver to  *  *  *
any person any horse, mule, neat cattle, sheep, or
swine to be kept or cared for, such  *  *  *  person
shall have a lien thereon  *  *  *  for the keeping
and care of such animals, and may retain possession
of the same until such charges are paid."

Defendant had a lien on the cows and swine for
the keep and care of the same, and had a right to re-
tain possession of the cows and swine until his lien
should be paid. The decree appealed from is af-
firmed. The case is remanded to the trial court for
an accounting in full for all matters since the filing
of the decree appealed from, September 24, 1947,
defendant to have interest on the $950 at 5 per cent.
per annum since September 24, 1947. The appellee
not having seasonably filed a brief, no costs are al-
lowed.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL,
CARR, BUSHNELL, and SHARPE, JJ., concurred.