MARSHALL v. ULLMANN.

1. EQUITY—ACCOUNTING.
   A court of equity may decree an accounting in a proper case.

2. ACCOUNTING—CLAIMS AGAINST PLAINTIFF—CONTRACTS.
   Bill of complaint which fails to allege that defendant has, or is asserting, any claims against plaintiff or that any payments have been made to plaintiff by defendant or that defendant was entitled to or claims any rights under an alleged agreement failed to state a cause for equitable relief of accounting.

3. EQUITY—PLEADING—AVERMENTS OF FACT—PRAYER FOR RELIEF—BRIEFS.
   Whether or not a bill of complaint states a cause for equitable relief must be decided on plaintiff's averments of fact there-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Accounts and Accounting § 52.
[2, 4] 1 Am Jur, Accounts and Accounting § 53.
[3] 41 Am Jur, Pleading § 110.
[5, 6] 19 Am Jur, Equity § 39.
[6] 19 Am Jur, Equity §§ 40, 41.
[7] 23 Am Jur, Fraud and Deceit § 20.
[9] As to agistment and lien, see 2 Am Jur, Animals §§ 21, 22.

in rather than by reference to his prayer for relief, or the statements in his brief.

4. ACCOUNTING—MUTUAL DEMANDS—PAYMENTS.

There must be mutual demands, a series of transactions on one side and payments on the other in order to sustain a bill for an accounting.

5. EQUITY—FRAUD.

Equity may relieve against the consequences of fraud in proper cases.

6. SAME—JURISDICTION—FRAUD—ADEQUACY OF REMEDY AT LAW.

Equity will not exercise its concurrent jurisdiction in cases of fraud unless there is shown to be some feature of the case peculiarly within the province of a court of equity, especially where plaintiff's remedy at law is adequate.

7. FRAUD—ELEMENTS.

To constitute actionable fraud, it must appear that defendant made a material representation that was false, which he knew to be so when made or that it was made recklessly, without any knowledge of its truth and as a positive assertion, that he made it with the intention that it should be acted on by plaintiff, that plaintiff acted in reliance upon it and suffered injury.

8. SAME—PLEADING—INFECTED CATTLE.

Bill stating defendant had practiced fraud upon plaintiff *held*, to have insufficiently averred facts sustaining such conclusion, by ·reason ·of turning over cows to plaintiff for feeding and care, infected with brucellosis, or Bang's disease, which action was contrary to statute, and the mingling with plaintiff's herd resulted in depreciation of value of plaintiff's herd and farm (CL 1948, § 287.10, § 287.21a, as amended by PA 1949, No 157).

9. ANIMALS—AGISTMENT—LIEN—EQUITY—REMOVAL OF CATTLE.

Plaintiff failed to state a basis for injunctive relief against defendant who had left cattle, infected with brucellosis, or Bang's disease, with plaintiff for feeding and care, where there was no indication that defendant is threatening removal of his cows thereby preventing plaintiff from enforcing his statutory lien for the agistment (CL 1948, § 570.185).

10. RECEIVERS—APPOINTMENT—ANCILLARY REMEDY.
   Generally, the appointment of a receiver is a purely ancillary
      remedy and a suit in equity may not be maintained solely for
      that purpose.

11. TRIAL—TRANSFER OF CAUSES—EQUITY TO LAW SIDE OF COURT—
   JURISDICTION.
   A cause may not be transferred from the equity to the law side
      of the court, where defendant was not a resident of, nor served
      with process in, county where suit was commenced and did not
      enter a general appearance in the cause, since the court is with-
      out jurisdiction over the person of the defendant (CL 1948,
      § 611.2).

Appeal from Hillsdale; Arch (Charles O.), J. Submitted October 10, 1952. (Docket No. 49, Calendar No. 45,531.) Decided December 9, 1952.

Bill by Howard Marshall against R. P. Ullmann for accounting, to have agister's lien awarded and other relief. Motion to dismiss denied. Defendant appeals. Reversed.

*Dimmers & MacRitchie,* for plaintiff.

*James C. Hendley* and *Jacob F. Fahrner,* for defendant.

CARR, J. Plaintiff brought suit in equity in the circuit court of Hillsdale county for the purpose of obtaining relief against defendant. It appears from the pleading that plaintiff is a resident of said county and that defendant lives in the city of Detroit. Service of process was made in Wayne county. Defendant entered a special appearance and filed a motion to dismiss the suit, alleging as the principal ground thereof that the bill of complaint did not state facts sufficient to constitute a cause of action in equity. Following a hearing on the motion the trial judge

entered an order denying it. On leave granted by this Court, defendant has appealed.

The principal question for determination here is whether the well-pleaded averments of fact in the bill of complaint are sufficient to establish jurisdiction in equity. Plaintiff alleges in his pleading that on or about February 16, 1951, he purchased 2 cows from defendant, paying therefor the sum of $1,000, that in the following month he made a similar purchase, that a State statute (CL 1948, § 287.21a, as amended by PA 1949, No 157 [Stat Ann 1951 Rev § 12.392]) required that the animals in question be accompanied by an official certificate issued by the director of agriculture of the State that they were free from brucellosis, commonly known as Bang's disease, that certificates as to 2 of the cows purchased by plaintiff were not furnished, and that subsequent tests indicated that such animals were either infected or were "suspects." Plaintiff also alleges that pursuant to agreement defendant turned over to him a number of cows belonging to defendant, for feeding and care, and that at the time defendant knew that his cattle were infected with Bang's disease, that plaintiff mingled the infected animals with his own cattle on his premises, and that as a result the values of his herd and of his farm were materially depreciated. Because of the damages so sustained plaintiff asserts that he is entitled to an accounting from defendant, with incidental relief of an equitable nature.

Plaintiff in his pleading also directs attention to CL 1948, § 287.10 (Stat Ann 1951 Rev § 12.379) forbidding any person having in his possession domestic animals affected with a contagious, infectious, or communicable disease to keep them where other domestic animals not previously affected or exposed may come in contact therewith, or to sell such diseased animals. It is further alleged that the conduct

of the defendant constituted a fraud upon the plaintiff. The right to a lien for caring for defendant's cattle is also asserted, and reference is made to an agreement between the parties, at the time defendant's cows were placed on plaintiff's farm, for a division of the milk, which agreement plaintiff alleges was subsequently modified by defendant's waiving any right thereunder.

In his prayer for relief plaintiff asks that on the accounting sought defendant be decreed to pay whatever sums may be found owing to him, that a lien in the nature of an agister's lien upon defendant's animals in plaintiff's possession be declared, with directions as to the manner of foreclosing, that an injunction issue restraining defendant from removing his animals from plaintiff's premises prior to the payment of the damages sought, and that the court appoint a receiver to take charge of the livestock and dispose thereof under court order. A prayer for general equitable relief is added to the specific requests.

It is the claim of the appellant in substance that the facts averred in the bill of complaint are insufficient to establish a case of which a court of equity may take jurisdiction. On behalf of appellee it is insisted that he is entitled to an accounting in which the amount of his damages may be determined, that equity should take jurisdiction because of the claim of fraud, and that the facts alleged, which must be accepted as true for the purposes of this proceeding, are sufficient to entitle him to the equitable relief specifically prayed.

It is apparent from a consideration of all the averments of the bill of complaint that the primary purpose thereof is the recovery of damages. That plaintiff may institute an action on the law side of the court for recovery thereof is not open to question. No claim is made that defendant is financially irresponsible or that a judgment against him in an action

at law cannot be enforced. It is well settled that a court of equity may decree an accounting in a proper case. However, it does not appear from plaintiff's bill of complaint that defendant has, or is asserting, any claims against plaintiff, or that any payments have been made to plaintiff by him. Counsel for appellee in their brief refer to the agreement with reference to the milk, but it is not averred in the pleading that defendant is entitled to or claims any rights based on such agreement. Inferentially the modification of the agreement, above referred to, waived any possible claim in that respect. A suggestion is also made, by way of argument, that there may be involved the division of an increase in the herd, but we find nothing in the bill of complaint with reference to such matter. The issue before us must be decided on plaintiff's averments of facts in his pleading rather than by reference to his prayer for relief, or to statements in his brief.

In *Laubengayer* v. *Rohde,* 167 Mich 605, 611, it was said:

"To sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other. Where all the items are on one side, there can be no accounting. The bill shows no items of which the complainant is not fully informed, and the only items involved are the money complainant paid for the land and money expended by him in its improvement."

The language quoted is, we think, fairly applicable to the situation in the case at bar. See, also, *Terranova* v. *Cottrell Block Construction Co.,* 302 Mich 417; *Baker* v. *Lansing Company,* 307 Mich 493. Applying the rule recognized in these cases and others of like character the conclusion cannot be avoided that plaintiff may not maintain his suit in equity on the theory that he is entitled to an accounting.

Do the allegations set forth in the bill of complaint entitle plaintiff to invoke the jurisdiction of equity on the ground of fraud? That equity may in proper cases be asked to relieve against the consequences of fraud is well established by repeated decisions of this Court. Such rule, however, may not be invoked under all circumstances. The following language from the opinion of the Court in *Mack* v. *Village of Frankfort,* 123 Mich 421, 429, is significant:

"I do not understand that, every time a man has been defrauded in a horse trade or in the purchase of a stock of goods, he may invoke the aid of a court of equity, even though he had an adequate remedy at law. It is doubtless true that, in cases of fraud, the equity court has concurrent jurisdiction with courts of law, and its aid may be invoked if the relief sought is of an equitable character, but this case is not such a one. The bill calls for a money judgment, and does not show that the equity powers of the court are necessary for its enforcement. The case is of such a character that it can best be investigated in a court at law, where the parties can have the benefit of a jury trial, if they so desire. *Bennett* v. *Nichols,* 12 Mich 22; *Smith* v. *Walker,* 57 Mich 456; *Stoddard* v. *McLane,* 56 Mich 11; *Prescott* v. *Pfeiffer,* 57 Mich 21."

In *Laubengayer* v. *Rhode, supra* (p 610), it was said:

"The most serious ground of demurrer urged is that complainant has an adequate remedy at law, which precludes jurisdiction in equity. That courts of law and equity have concurrent jurisdiction in cases of fraud is well settled, and it is also well settled in this State that a suit may be planted on the chancery side of the court where complainant is shown entitled to relief especially equitable. The question has been before this Court in numerous

cases, and thoroughly discussed. A comprehensive review of many of the decisions is to be found in *Fred Macey Co.* v. *Macey,* 143 Mich 138 (5 LRA NS 1036). In *Detroit Trust Co.* v. *Old National Bank of Grand Rapids,* 155 Mich 61, it is said:

" 'In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity.'

"It was further pointed out in that case, as reasons for sustaining a demurrer, that the allegations in the bill did not show need of an injunction, or of a discovery, or of an accounting, or of specific performance, or the reformation or cancellation of a written instrument, and there was nothing to indicate that a judgment against defendants would not be perfectly good."

While plaintiff in his bill of complaint states that defendant was guilty of fraud in connection with the sale of the cattle and the making of the contract for the care by plaintiff of other animals, we find no specific averment of reliance by plaintiff on the representations implied by defendant's acts. This Court has recognized that to establish a cause of action based on fraud certain facts are essential. In *Candler* v. *Heigho,* 208 Mich 115, 121, the following statement was quoted with approval from 20 Cyc, p 13:

" 'The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of

these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.' "

And it was further said:

"That these several elements of such a charge must be established has long been the rule in this State. *Parker* v. *Armstrong,* 55 Mich 176; *Frohlich* v. *Deacon,* 181 Mich 255 (Ann Cas 1916C, 722); *Kimble* v. *Gillard,* 177 Mich 250. In the latter case the Court said:

" 'It is a well-settled rule, familiar and fundamental, that, in order to make misrepresentation actionable, there must be a reliance upon the representation.' "

Of like import is the holding in the recent case of *Michael* v. *Jones,* 333 Mich 476. Giving to the allegations of the bill of complaint the favorable interpretation to which appellee claims he is entitled, it must be held that the stated conclusion therein that defendant was guilty of fraud and the factual averments relied on in support of such conclusion are insufficient to establish a cause of action entitling plaintiff to invoke the aid of equity for the purpose of obtaining a decree awarding damages to him. It must be said also that there is no feature of the case peculiarly within the province of equity.

By virtue of the provisions of CL 1948, § 570.185 *et seq.* (Stat Ann § 26.401 *et seq.*), plaintiff has, under the facts alleged in his bill of complaint, a lien on the cows belonging to defendant which plaintiff has kept and cared for pursuant to the agreement between the parties. The statute makes specific provision for the enforcement of such lien. Plaintiff may not invoke the aid of equity to declare a lien of the character that he now has by virtue of the statute or to decree the manner of enforcement thereof.

The situation here involved is not analogous to that in *Seremetis* v. *Cook,* 327 Mich 450, which was primarily an action for an accounting sought by both parties.

By virtue of his lien in the instant case, plaintiff has the right to retain possession of the cows pending the enforcement of such lien, as provided by the statute, above cited. No claim is made in the bill of complaint that defendant is attempting or threatening to interfere with such right of possession. It is alleged that at one time he promised to remove his cows from plaintiff's farm, and failed to keep such promise. The facts as averred are insufficient to warrant the interposition of equity for the purpose of granting injunctive relief against removal of the animals by defendant. It may not be assumed that if plaintiff asserts his right to the statutory lien defendant will undertake to interfere with the attendant right of possession expressly recognized in *Seremetis* v. *Cook, supra.*

Plaintiff asks that a receiver be appointed to take care of the cows belonging to the defendant and to dispose of them under the direction of the court. As a general proposition such appointment is a purely ancillary remedy, and a suit in equity may not be maintained solely for that purpose. *National Lumbermans Bank* v. *Lake Shore Machinery Co.,* 260 Mich 440, cited with approval in *Michigan Minerals, Inc.,* v. *Williams,* 306 Mich 515, 525. In the instant case the averments of facts in plaintiff's pleadings are not sufficient to sustain his right to maintain his suit on any recognized ground or grounds for the exercise of equitable jurisdiction.

Had defendant been served with process in Hillsdale county, or had he entered a general appearance, the case might properly be remanded for transfer to

the law side.* However, such is not the situation here, and for the purposes of an action at law the trial court is without jurisdiction over the person of defendant. *Brennen* v. *Livingston Circuit Judge,* 229 Mich 426. An order will therefore enter in this Court dismissing the bill of complaint. Defendant may have costs.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* See CL 1948, § 611.2 (Stat Ann § 27.652).—REPORTER.