BROWN v. BRODSKY.

1. Declaratory Judgment—Not a Substitute for Other Legal Actions.

The proceeding for a declaratory judgment or decree was not designed as a substitute for other legal actions (CL 1948, § 691.501 *et seq.*).

2. Trial—Transfer of Equity Case to Law Side.

The fact that plumbing subcontractor did not move to dismiss general contractor's bill for declaratory decree, accounting, a money decree and incidental injunctive relief against owners and the fact that defendant owners asserted a counterclaim for damages would not alter the situation with respect to transfer of the cause to the law side of the court, since both of such matters were proper subject matter for determination on the law side of the court where a jury trial may be requested and facts do not suggest necessity for an accounting (CL 1948, § 611.2; § 691.501 *et seq.*).

3. Courts—Jurisdiction—Consent of Parties.

Jurisdiction may not be conferred on the court merely by consent of the parties.

4. Fraud—Pleading—Equity—Jurisdiction.

The mere characterization of certain conduct of defendant owners as fraudulent, made in general contractor's bill of complaint, did not properly invoke equity jurisdiction, where no facts are averred and the opening statement of counsel did not advance the claim of fraud nor assert that proof would be offered tending to establish conduct of such character.

---

References for Points in Headnotes
[1] 16 Am Jur, Declaratory Judgments § 7.
[2] 19 Am Jur, Equity § 196.
[3] 14 Am Jur, Courts § 184.
[4] 19 Am Jur, Equity §§ 43, 238.

Appeal from Wayne; Murphy (George B.), J. Submitted January 8, 1957. (Docket No. 11, Calendar No. 46,984.) Decided February 28, 1957.

Bill by William Brown against Herman Brodsky, Dina Brodsky, Equitable Life Assurance Society of the United States, a New York corporation, and Harold Watts, doing business as Watts Plumbing and Heating Service, for declaratory judgment, accounting and other relief, based on building contract and operations thereunder. Dismissed as to defendant Equitable Life Assurance Society. As to other parties bill ordered dismissed and case transferred to law side of court. Plaintiff appeals. Affirmed.

*Donald Wm. Sargent* and *Walter A. Kuck,* for plaintiff.

*Louis A. Gottlieb* (*Samuel H. Rubin* and *Phyllis Rubin,* of counsel), for defendants Brodsky.

CARR, J. In the summer of 1951, plaintiff, a building contractor, entered into a written agreement with defendant Herman Brodsky for the construction of a residence on a lot owned by the latter. The building was to be erected in accordance with blueprints and specifications submitted by Brodsky, and in conformance with building codes. Plaintiff undertook to do the work on a time and material basis, subject to the condition that the price of the residence should not exceed $24,000, the maximum total to be paid to plaintiff, including a 10% building fee, to be the sum of $26,400. It was further specified that in the event that the cost of the residence was less than $24,000, Brodsky agreed to pay plaintiff 1/2 of the difference between the actual cost and the price fixed.

Apparently there was no dispute with reference to the plans and specifications submitted by Brodsky, and plaintiff proceeded with the project until December, 1951, when he terminated his connection with the work, and Brodsky completed the building at a total cost, as it is claimed, of approximately $33,000. In May, 1952, plaintiff instituted the present suit in equity seeking a declaratory decree, an accounting, a money decree, and incidental injunctive relief. Plaintiff referred in his pleading to the contract above mentioned, stating that there were certain "additional parol agreements." He alleged also that at the direction of defendants Herman Brodsky and Dina Brodsky he procured one Harold Watts to install necessary plumbing at an agreed price of $4,435.68, that said undertaking was performed by Watts, that the defendants Mr. and Mrs. Brodsky made changes and alterations in the plans from time to time, and that because of their conduct he was unable to continue the work. He further alleged that he had expended a total of $13,196 under the contract, and that he had received $9,500 to apply thereon. Further averments indicated that some question had arisen as to whether he was liable to Watts for the plumbing bill, and he asked that, if liability on his part was found, the court enter a decree against defendants Brodsky for the amount of such liability.

Plaintiff specifically set forth as the items of his claim of right to a money decree against defendants Brodsky the difference between the amount expended by him and the sum that he admitted having received, such difference being $3,696, 10% of the total cost of construction of the residence when finally completed, amounting to $3,300, and 1/2 of the difference between $20,000 and $24,000, or the sum of $2,000, making in the aggregate $8,996, for which he asked a decree. The last-named item in the claim was based on the assertion that had he been per-

mitted to proceed with the construction in accordance with the contract he could, and would, have completed the building for the sum of $20,000.

The bill of complaint further alleged that defendants Brodsky had executed a mortgage on the property to the Equitable Life Assurance Society of the United States, which corporation plaintiff joined as a party defendant without seeking relief in any form against it. Watts was also made a defendant, and he filed an answer asking that the court enter a judgment in his favor against either the plaintiff or defendants Brodsky. The latter defendants in their answer denied plaintiff's claims with reference to the reasons why he severed his connection with the project, alleging that he did so voluntarily, averred that he had not performed his agreement, and, in terms, asserted a claim for damages. By amendment to the answer it was alleged that under the facts set forth in the bill of complaint plaintiff was not entitled to equitable relief.

The case was set for trial before the circuit judge. Counsel for plaintiff made his opening statement substantially in accordance with the averments of the bill of complaint, stating the specific items for which plaintiff sought recovery, including any amount that might be found due from him to defendant Watts, with reference to which a declaratory decree was sought. The court was asked to construe the building agreement and the "additional parol contract with the defendants."

Following the statement counsel for defendants Brodsky moved to dismiss the bill of complaint on the ground that said statement and the averments of the pleading were insufficient to indicate the right to equitable relief, and that plaintiff had an adequate remedy at law. After discussion of the situation the trial judge concluded that the motion was well-founded. It further appearing that the Equitable Life As-

surance Society of the United States had been improperly joined as a defendant, the order entered dismissed the suit as to it, and as to the other defendants the equitable action was dismissed subject to transfer to the law side of the court,* plaintiff being given 20 days from the date of the order to file and serve appropriate pleadings. A motion for a rehearing was made and denied. Plaintiff has appealed from the order, claiming that under the facts alleged by his counsel in the opening statement and in his bill of complaint he was entitled to seek a declaratory decree under the provisions of the statute,† and relief by way of an accounting and decree for money due him, that defendant Watts had not moved to dismiss the case, that defendants Brodsky had asserted a counterclaim for damages, and that, generally, the trial judge was in error in ordering the transfer to the law side of the court.

The motion to dismiss was apparently based on the averments of the bill of complaint as well as on the opening statement of counsel for the plaintiff. It fairly appears from each that defendant Watts has a cause of action against plaintiff or against the Brodskys, or possibly the right to sue them together in an action at law. Plaintiff does not assert that Watts is indebted to him in any way. If he pays the plumbing bill then his right of recourse against defendants Brodsky may be asserted in an appropriate law action. The principle is well settled that the statutory proceeding for a declaratory judgment or decree was not designed as a substitute for other legal actions. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich 673, 678 (68 ALR 105); *Abel* v. *Wayne County Sheriff,* 320 Mich 616, 621, and prior decisions there cited; *School District No. 1, Fraction-*

---

* See CL 1948, § 611.2 (Stat Ann § 27.652).—REPORTER.

† PA 1929, No 36 (CL 1948, § 691.501 *et seq.* [Stat Ann § 27.501 *et seq.*]).

*al,* v. *School District of the City of Lansing,* 331 Mich 523.    In *City of Detroit* v. *Wayne Circuit Judges,* 339 Mich 62, to which counsel for appellant direct attention, the controversy came before this Court on an application for writs of prohibition and mandamus to restrain the defendants from proceeding further in a case instituted in the Wayne circuit court involving the validity of ordinances providing for off-street parking facilities and for the issuance of revenue bonds.  Because of the nature of the controversy this Court on the application for the writs passed on the merits of the questions raised.  The decision is no authority for the claim advanced by appellant in the case at bar.

The law side of the court is the proper forum in which to determine the question as to the rights of the parties with reference to the plumbing contract. The fact that Watts did not move to dismiss does not alter the situation.  Neither is it material that defendants Brodsky asserted in their answer to the plaintiff's bill of complaint a counterclaim for damages.  Obviously such claim is a proper one for consideration in a legal action in which the parties concerned, or either of them, may request a trial by jury. It is also significant that, following the filing of their answer, said defendants by amendment thereto denied plaintiff's right to seek equitable relief.  In any event, the parties may not by consent confer jurisdiction on the court.  *Shane* v. *Hackney,* 341 Mich 91, 98, and prior decisions there cited.

The suggestion that a declaratory decree with reference to the interpretation of the contract is requisite is obviously not tenable.  The writing into which the parties entered is not ambiguous.  It indicated with particularity what the respective parties undertook to do.  It does not appear.that any part of the original undertaking rested in parol, and neither the bill of complaint nor the opening statement of

plaintiff's counsel indicates that such was the situation. Precisely what it is that the court is asked to interpret does not appear. Issues as to what was actually done by the parties may be tried in an appropriate law action.

As before noted, plaintiff, in his bill of complaint as well as in the opening statement of his counsel, asserted with particularity the items of his claim for a money decree. The facts averred do not suggest the necessity for an accounting with reference thereto. Plaintiff does not concede liability on his part to the defendants, and we think that defendants Brodsky, by their amendment to the answer to the bill of complaint and by their motion to dismiss, have, in practical effect, abandoned their suggested counterclaim. In any event, as before pointed out, the claims of the parties may properly be considered in a law action.

As the situation now stands there is no claim on the part of plaintiff of the existence of mutual credits or demands. Jurisdictional requirements essential for the maintenance of a suit in equity for an accounting are not present here. *Terranova* v. *Cottrell Block Construction Co.,* 302 Mich 417; *Marshall* v. *Ullmann,* 335 Mich 66. In the case of *Seremetis* v. *Cook,* 327 Mich 450, the factual situation presented serves to differentiate it from the case at bar. Accepting as correct the material facts set forth in the bill of complaint and in the opening statement of plaintiff's counsel, the proper protection of plaintiff's rights does not require the granting of equitable relief by way of an accounting.

In his bill of complaint plaintiff characterized certain conduct of defendants Brodsky as "fraudulent." No facts are averred, however, tending to establish actionable fraud. The statement in question must be regarded as a mere conclusion of the pleader. It does not appear that in the opening statement of

counsel any claim of fraud was advanced or any assertion made that proof would be offered tending to establish conduct of such character. It does not appear that the jurisdiction of equity is here properly invoked on that ground.

The trial judge correctly held that the parties to the case should be left to their appropriate legal remedies. The order from which the appeal has been taken is affirmed, subject to the provision that plaintiff may have 20 days from and after the filing of this opinion in which to file and serve appropriate pleadings for the trial of his cause of action at law. Defendants Brodsky may have costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.