AETNA CASUALTY & SURETY COMPANY *v.* DIMITRI

1. COURTS—CIRCUIT COURTS—ORIGINAL JURISDICTION—CIVIL ACTIONS.
   Circuit courts have original jurisdiction to hear and determine all civil claims and remedies except where a statute or the constitution denies the circuit courts jurisdiction or vests exclusive jurisdiction in other courts (MCLA § 600.605).

2. COURTS — CIRCUIT COURTS — ORIGINAL JURISDICTION — MUNICIPAL COURTS.
   Statutes covering the jurisdiction of districts and circuit courts were intended to create a uniform state-wide system of courts to replace the municipal and justice courts at such time when all municipalities adopted the district courts; when no municipal courts remain in operation, the statutes are completely operative and circuit courts will lack original jurisdiction in civil actions when the amount in controversy does not exceed $3,000 (MCLA §§ 600.605, 600.8301).

3. COURTS—CIRCUIT COURTS—ORIGINAL JURISDICTION—JURISDICTIONAL AMOUNT.
   Statute investing the district courts with exclusive jurisdiction in civil actions when the amount in controversy does not exceed $3,000 was not intended to deprive a party of his cause of action where his claim amounted to more than $1,500, but less than $3,000, there were no district courts established in any of the cities in which the defendants resided, and the municipal courts in the defendants' cities had their jurisdiction limited to cases involving less than $1,500; in such a situation, the circuit court had jurisdiction, because otherwise there would have been no forum (MCLA §§ 600.605, 600.8301).

4. COURTS — MUNICIPAL COURTS — CIRCUIT COURTS — JURISDICTIONAL AMOUNT.
   Statutes permitting the continuance of municipal courts, with their jurisdiction limited to claims not exceeding $1,500, were

not affected by the statutory investiture of district courts with exclusive jurisdiction of claims not in excess of $3,000 and did not alter the jurisdiction of circuit courts in actions where no district court was available and the amount in controversy was greater than the municipal court jurisdictional limit of $1,500 (MCLA §§ 600.605, 600.8301, 600.9928[1], 600.9930[8][a]).

5. COURTS—JURISDICTIONAL AMOUNT—APPEAL AND ERROR.

Plaintiff's cause of action was remanded to circuit court with instructions to remand to a proper district court where plaintiff had sought damages of $2,835, there were no district courts in the cities in which the defendants resided, the municipal courts in the cities in which the defendants resided had their jurisdiction limited to $1,500, the plaintiff brought its action in circuit court, defendants were granted accelerated judgment on the ground of lack of jurisdiction, and pending decision on appeal, district courts had become operative in the cities where venue is proper (MCLA § 600.641).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 June 17, 1971, at Detroit. (Docket No. 10221.) Decided August 23, 1971.

Complaint by The Aetna Casualty & Surety Company, subrogee of O'Connor Guardian Fuel Company, against George Dimitri, Robert Raine, U-Haul Company, and Daniel Ususan for recovery of property damages. Accelerated judgment for defendants. Plaintiff appeals. Reversed for remand by circuit court to proper district court for further proceedings.

*Stalburg & Bean, P. C.,* for plaintiff.

*Dice, Sweeney & Sullivan* (by *John J. Lynch*), for defendants U-Haul Company and Daniel Ususan.

*Patterson, Patterson, Whitfield, Manikoff & White* (by *Lawrence R. Ternan*), for defendants Dimitri and Raine.

Before:  T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

HOLBROOK, J.   Plaintiff appeals from an order granting a motion for accelerated judgment in the Circuit Court for Oakland County dismissing the complaint.

Plaintiff, Aetna Casualty & Surety Company, is subrogee of O'Connor Guardian Fuel Oil Company, doing business at 2011 Livernois Avenue in the City of Troy, Michigan.  Defendant George Dimitri, doing business as Chicken Delight, was the owner of a car driven by his employee Robert Raine, which collided with a vehicle owned by defendant U-Haul Company and operated by defendant Daniel Ususan. As a result of this collision one of the vehicles struck a building owned by plaintiff's insured causing damages of $2,835.77.  Plaintiff paid this amount to its insured and then brought suit in circuit court for recovery against defendants.  The accident occurred on May 13, 1967, and suit was filed on May 4, 1970.

Because the amount sought to be recovered was less than $3,000, and because of the provisions of MCLA § 600.8301 (Stat Ann 1971 Cum Supp § 27A-.8301) which states in part:  "The district court shall have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $3,000," the defendants moved for accelerated judgment contending that the circuit court did not have jurisdiction of the matter.

Plaintiff presented the fact to the judge that none of the defendants involved in the litigation were residents of a city that had a district court. Defendants were all residents of cities still having municipal courts wherein jurisdiction was limited to amounts up to $1,500.  Because of this factor

plaintiff proceeded to circuit court contending that it was the court having jurisdiction under the circumstances.

At the trial, plaintiff's counsel requested the judge to direct him to the proper court, and the judge refused.

Plaintiff contended that although district courts were given exclusive jurisdiction in civil actions not exceeding an amount of $3,000, those cities that had not yet invoked the district court system, and had retained municipal courts, had concurrent jurisdiction with circuit courts and that as a result the circuit court had proper jurisdiction.

MCLA § 600.8312 (Stat Ann 1971 Cum Supp § 27A.8312) directs that this action be brought in a district court where the cause of action arose, or where defendants were established or resident. Because of the facts present herein, the municipal courts did not have jurisdiction of the claim and suit had to be brought in circuit court or there would not have been any forum.

The defendants contend that suit should have been brought in district court because of its exclusive jurisdiction up to $3,000. At that point the district court could have instructed plaintiff as to whether or not there was proper venue, and if there was not, then the court could have indicated where the plaintiff could proceed and could have transferred the action.

MCLA § 600.605 (Stat Ann 1962 Rev § 27A.605) provides as follows:

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state."

It is important to note that according to this section, circuit courts have original jurisdiction to hear and determine all civil claims and remedies with the exception that if a statute has denied jurisdiction to the circuit courts, that statute will be a limitation to the jurisdiction of the circuit courts.

MCLA § 600.8301 (Stat Ann 1971 Cum Supp § 27A.8301) sets forth the civil jurisdiction of the district courts as follows:

"The district court shall have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $3,000."

The question is now raised concerning whether MCLA § 600.8301, *supra,* was intended to deprive the circuit courts of original jurisdiction in civil actions which did not exceed $3,000 as of May, 1970, at which time some cities retained their municipal courts.

The intent of the Legislature was to eventually create a uniform state-wide system of courts to replace the municipal and justice courts, at such time when all municipalities adopted the district courts. When no municipal courts remained in operation in the state, the statutes, MCLA §§ 600.605 and 600.8301, would be completely operative and circuit courts would lack original jurisdiction in civil actions when the amount in controversy did not exceed $3,000.

In the meantime it is reasonable to assume that it was not the intent of the Legislature to deprive a party of his cause of action if there was no district court available.

Under MCLA § 600.9928(1) (Stat Ann 1971 Cum Supp § 27A.9928[1])[1] and MCLA § 600.9930(8)(a)

---

[1] "(1) The district court shall not function nor shall district judges

(Stat Ann 1971 Cum Supp § 27A.9930[8][a])[2] provisions are made for the retention of municipal courts in cities under certain circumstances. Such is the case present here. The municipalities of Ferndale, Clawson, Troy, and Madison Heights elected to retain their municipal courts with civil jurisdictional limits to $1,500. Under the circumstances in this case the plaintiff could not proceed in any of these municipal courts that had venue because the claim exceeded $1,500.

We conclude, under the facts present in this case, that it was proper for plaintiff to commence its action in the circuit court, there being no other court available. MCLA § 600.8301 (Stat Ann 1971 Cum Supp § 27A.8301), giving district courts exclusive jurisdiction in civil actions when the amount in controversy does not exceed $3,000, is applicable to those jurisdictions where district courts are established.

The statutes permitting the continuance of municipal courts in certain cities with the same jurisdictional limits were not affected by the grant of certain jurisdiction to the district courts and did not alter the jurisdiction of the circuit court in actions where no district court was available and the amount in controversy was greater than the jurisdictional limit of $1,500 prescribed for municipal courts.

---

be elected in any district of the third class in which 1 or more cities which maintain municipal or police courts and which contain, individually or in the aggregate, more than 50% of the population of the district elect to retain their municipal or police courts by resolution adopted by their respective governing bodies within 7 days after the effective date of this section."

[2] "(8) The district court shall not function nor shall district judges be elected in any district of the third class in which 1 or more cities presently maintain municipal courts if:

"(a) In a district which has only 1 city which maintains a municipal court, the governing body of that city elects to retain its municipal court by resolution adopted by its governing body within 17 days after the effective date of this 1969 amendatory act."

There is some question raised in this Court by defendants that U-Haul Company is a foreign corporation and could have been sued at a location in Michigan where a district court was available. The question was not raised below, and we decline to rule upon it here.

MCLA § 600.641 (Stat Ann 1971 Cum Supp § 27A-.641) provides in pertinent part the following:

"(1) If it appears at the conclusion of a pretrial hearing on an action commenced in the circuit court that the amount of damages sustained may be less than * * * *the jurisdictional limitation as to the amount in controversy applicable to the lower court,* the circuit judge may, without the consent of the parties, remove such action to any lower court within the county which would have had jurisdiction but for the amount of damages demanded and in which venue would have been proper.

\* \* \*

"(5) As used in this section 'lower court' *means* the common pleas court of Detroit and *the* district court." (Emphasis supplied.)

Now that district courts are operative in the cities where venue is proper, we invoke the remand statute permitting the circuit court to remand the action to a district court.

Reversed for remand by the circuit court to a proper district court for further proceedings.

All concurred.