HENDERSON v. DETROIT & MACKINAC RAILWAY CO.

1. Choses in Action—Assignment—Consideration.
Where a claim against a railroad company for an injury to cattle has been regularly assigned, it is no objection to the right of the assignee to recover thereon that the only consideration for the assignment was his agreement to turn over the amount collected to the assignor.

2. Same—Action—Jurisdiction.
The right of an assignee of several claims to maintain a single

action thereon in the circuit court is not affected by the fact that, in the absence of such assignment, they would all have been within the exclusive jurisdiction of a justice.

Error to Alpena; Emerick, J.   Submitted June 5, 1902. (Docket No. 16.)   Decided September 17, 1902.

Case by Robert Henderson against the Detroit & Mackinac Railway Company for injuries to cattle. From a judgment for plaintiff, defendant brings error. Affirmed.

*Charles R. Henry*, for appellant.

Hooker, C. J. The plaintiff and two or three other persons had claims against defendant for injuries to their respective cattle. The plaintiff took assignments from the others, of which the following is a sample of all:

"For a valuable consideration, to me in hand paid by Robert Henderson, the receipt whereof is hereby acknowledged and confessed, I herein and hereby sell, assign, transfer, and set over to said Robert Henderson all my right, title, and claim for damages against the Detroit & Mackinac Railway Company for injuries done to my cow on the 5th day of May, 1901, and I herein and hereby authorize and empower said Robert Henderson, in his name, to commence suit and prosecute the same against the Detroit & Mackinac Railway Company for the damages and injuries I sustained on account of the injuries to my said cow.

"Dated August 13th, 1901.

"Ed Fitzpatrick."

The evidence shows that no agreement was made as to the compensation to be made for the assignments, except that it was agreed that whatever plaintiff should collect out of these claims should be turned over to the respective assignors. The assignments were admitted under objection, and defendant's counsel urges that it was error to admit them and to permit the jury to consider them. Counsel says in his brief that:

"The only thing I complain of is the methods which these parties have employed in attempting to unite these

causes of action. Had the several claimants not united their claims in this unique manner, the defendant would not have been subjected to a trial in the circuit court, as their claims would all have been exclusively within the jurisdiction of the justice of the peace; but, having attempted to unite them, they should have advanced in support thereof some substantial and concerted action as between themselves. They should show some agreement of a sufficiently definite character to constitute an assignment, and it should not be permitted to rest in so careless and indifferent condition. It is perfectly evident from the testimony of the plaintiff that the minds of the assignors and the assignee never met on a common plane, other than that the plaintiff was to sue in his own name for their united claims, and the question of consideration was left to abide the result of the suit."

No claim is made that these claims could not be assigned, but it seems to be defendant's contention that, inasmuch as the plaintiff's obligation is to turn over only what he recovers upon the several claims, he did not become the owner of them, and therefore could not sue upon them. We think this is not a correct view. The claims might be the subjects of gift, and in such case the defendant could not object. The instruments, upon their faces, are fair assignments, and the defendant has no interest in the consideration, as we have frequently held.

There was no obligation on these parties to have their respective claims prosecuted in justice's court. While parties cannot join in a suit upon claims which are individual, one may become owner, and sue upon all in one action.

No question arises over the pleading.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.