CYRIL J. BURKE, INC., *v.* EDDY & COMPANY, INC.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

    Question as to whether or not contract under which recovery was sought by way of suit for accounting was in violation of the antitrust statutes is not determined, where it is decided that plaintiffs' remedy at law is adequate (CL 1948, §§ 445.-701, 445.731, 445.761, 445.762, 750.558).

2. CONTRACTS—SHARING OF PROFITS.

    Rights and obligations of parties to contract for sharing profits from sales to State, made by plaintiff and defendant distributors licensed by tractor manufacturer, must be determined from a consideration of the contract they entered into.

3. ACCOUNTING—ADEQUATE REMEDY AT LAW.

    The remedy at law is adequate for a claimed debt arising out of a contract whereby parties were to share profits from certain sales, hence bill for accounting was properly dismissed.

4. TRIAL—VENUE—ACCOUNTING—SERVICE OF PROCESS—TRANSFER OF CAUSES.

    Suit for accounting could not be remanded to the law side of the court, where suit was commenced in Wayne county but service of process on defendant was had in Ingham county (CL 1948, § 613.27).

Appeal from Wayne; Murphy (George B.), J. Submitted October 11, 1951. (Docket No. 38, Calendar No. 45,163.) Decided January 15, 1952.

Bill by Cyril J. Burke, Inc., a Michigan corporation, and Vercellino Brothers, a partnership, for an accounting by Eddy & Company, Inc., a Michigan corporation. Bill dismissed. Plaintiffs appeal. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 1 Am Jur, Accounting § 52.
[4] 1 Am Jur, Accounting § 65.

*Frederick B. Darden* (*Arthur Bonk,* of counsel), for plaintiffs.

*Fischer, Brown, Sprague, Franklin & Ford,* for defendant.

Sharpe, J. The bill in this suit was filed to obtain an accounting and for a money decree. The material facts are not in dispute. Plaintiff Cyril J. Burke, Inc., is a Michigan corporation with its principal place of business in Detroit, Michigan. Plaintiff Vercellino Brothers is a copartnership with its principal place of business in Marquette county, Michigan. Defendant, Eddy & Company, Inc., is a Michigan corporation with its principal place of business in Lansing. Prior to August 10, 1948, plaintiff Cyril J. Burke, Inc., was the owner of a franchise to sell and distribute Oliver tractors for the eastern half of the lower peninsula; Vercellino Brothers was the owner of a franchise to sell and distribute Oliver tractors for the upper peninsula; and defendant, Eddy & Company, Inc., owned a franchise to sell and distribute Oliver tractors for the western half of the lower peninsula. Under the terms and provisions of the franchises the distributors were not allowed to bid for the sale of Oliver manufactured equipment to the State of Michigan, said Oliver company reserving the exclusive right to bid for State business or to designate one of its 3 distributors to make bids. Prior to the date above mentioned, the Oliver company frequently designated Eddy & Company, Inc., to bid for State business. Because of dissatisfaction by plaintiffs in failing to be designated as a bidder for State business, the Oliver company suggested that the 3 distributors share equally in the profits from the sale of Oliver tractors to the State of Michigan. On the above date the 3 distributors entered into an agree-

ment whereby defendant, Eddy & Company, Inc., was selected as a distributor to bid for State business, the profits to be shared equally by all 3 distributors. Pursuant to this agreement, Eddy & Company, Inc., did successfully bid for the sale of 12 Oliver tractors to the State of Michigan in 1948. Under the terms of their agreement, 5% of the list price was to go to the distributor who made the successful bid for expenses in connection with the bid, delivery and financing. Following the delivery of the tractors to the State of Michigan, defendant, Eddy & Company, Inc., failed and refused to share profits with plaintiffs.

On January 17, 1951, plaintiffs began the present suit in the circuit court of Wayne county, in chancery. Defendant filed the following motion:

"1. To dismiss the bill or in the alternate to transfer the case to the law side of the court for the following reasons:

"(a) The bill wants equity;

"(b) It appears on the face of the bill that the plaintiffs have an adequate remedy at law;

"(c) The contract alleged in the bill and whereof enforcement is sought is contrary to public policy;

"(d) The contract alleged in the bill and whereof enforcement is sought is contrary to the CL 1948, §§ 445.701, 445.731, 445.761, 445.762 and 750.558 (Stat Ann §§ 28.31, 28.51, 28.61, 28.62, 28.826).

"2. If the case is transferred to the law side of the court, to quash the service of process made on the defendant on or about January 19, 1951 at Lansing and without the county where this suit was commenced for the reason that such service was in violation of the CL 1948, § 613.27 (Stat Ann § 27.757), it appearing from the face of the bill that one plaintiff resides in the county of Wayne, the other plaintiffs reside in the county of Marquette and the defendant resides in the county of Ingham."

The trial court entered an order dismissing the bill of complaint on the theory that the contract is in violation of the State antitrust statutes and in restraint of trade and therefore void.

Plaintiffs appeal and urge that the contract entered into between plaintiffs and defendant is not in violation of the State antitrust statutes and in restraint of trade; and that they do not have an adequate remedy at law. We forego discussion of plaintiffs' claim relative to the antitrust statutes for the reason that decision on defendant's claim that plaintiffs have an adequate remedy at law is controlling. The rights and obligations of the parties must be determined from a consideration of the contract they entered into. The contract was not introduced in evidence for the reason that the cause was disposed of on defendant's motion, but all agree that the 3 franchise holders were to select 1 distributor to bid for all State business and the profits were to be shared equally by all 3 distributors. The contract also provided that 5% of the list price was to go to the distributor whose bid was accepted by the State of Michigan to compensate him for expenses in connection with the bid. The suit is to recover a claimed debt arising out of a contract. If plaintiffs needed any discovery of the amount of profits received by defendant, they could have subpoenaed witnesses or availed themselves of the discovery rule.[*] Plaintiffs' rights can be adequately determined in a court of law. This case cannot be remanded to the law side of the Wayne circuit court because service was had on defendant in Ingham county.

The decree of the circuit court dismissing the bill of complaint is affirmed, with costs to defendant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.

---

[*] See Court Rules Nos 40, 41 (1945).—Reporter.