PALEY *v* COCA COLA COMPANY

1. ACTIONS—CLASS ACTIONS—JURISDICTION.
   A class action can be maintained only in circuit court.

2. CONSTITUTIONAL LAW—UNITED STATES SUPREME COURT—EFFECT
   OF DECISIONS—STATE QUESTIONS.
   Michigan courts are not bound by United States Supreme Court
   decisions save for decisions on Federal constitutional ques-
   tions; the Michigan Supreme Court is the final arbiter on
   purely state questions.

3. ACTIONS—CLASS ACTIONS—AGGREGATION OF CLAIMS—JURISDIC-
   TIONAL AMOUNT.
   The plaintiffs in a class action may aggregate their claims in
   order to satisfy the minimum jurisdictional amounts required
   in the circuit court.

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 1 December 9, 1971, at Detroit.
(Docket No. 11299.)   Decided March 23, 1972.   Leave
to appeal granted, 387 Mich 797.

Complaint by Lloyd S. Paley, for himself and as a
representative of a class, against Coca Cola Com-

REFERENCES FOR POINTS IN HEADNOTES

[1] No references.
[2] 20 Am Jur 2d, Courts § 225 *et seq.*
[3] 32 Am Jur 2d, Federal Practice and Procedure §§ 141, 148,
    152, 155.
   59 Am Jur 2d, Parties § 47 *et seq.*
   Value of property or right involved in class suit, value of in-
    terest of individual in whose name suit is brought, or value
    of aggregate interests of members of class, as criterion of
    jurisdictional amount.  141 ALR 569.
   Right, in suit brought as class action, to aggregate claims or
    interests of members of class in order to satisfy minimum ju-
    risdictional amount requirement in federal district court.  3
    ALR Fed 372.

pany and Glendinning Companies, Inc., for money won in a contest sponsored and promoted by defendants. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Richard D. Mintz* (*Melvin M. Belli* and *Robert L. Lieff*, of counsel), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *George E. Brand, Jr.*, and *Richard E. Rassel*), for defendant Coca Cola Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Nathan B. Goodnow, Robert G. Cutler*, and *Anthony J. Sapienza*), for defendant Glendinning Companies, Inc.

Before: LEVIN, P. J., and DANHOF and O'HARA,* JJ.

O'HARA, J. We write to a single, narrow and precise issue. In question form it is: whether or not multiple plaintiffs in a claimed class action may aggregate their individual and separate claims in order to satisfy the minimum jurisdictional amount necessary to maintain an original action in the circuit court?

The trial court held they may not. This is the only question he passed upon, and this is the only one to which we address ourselves decisionally. The record is not sufficiently complete to afford us a basis upon which to decide the other questions raised by defendants' motions for accelerated judgment.

As to this single issue we feel obligated to vacate the summary judgment and remand to the trial court for disposition of other issues of major consequence

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

which still impend. We mention (though we do not confine the parties to them) the adequacy of the showing that the plaintiffs do in fact constitute a "class" within the meaning of the applicable court rule and the controlling case precedent; whether there exists a multiplicity of actions; whether the claim asserted is *res judicata;* and, whether the notice requirement was adequately met.

We note here what was not of record below. Bench questioning during oral argument elicited the reply from plaintiffs' counsel that the "class" sought to be represented necessarily assumed that everyone who entered the contest would have won but for the claimed rule change. We intimate absolutely no opinion on any issue other than aggregation.

This litigation grows out of a contest entitled "Big Name Bingo". It was sponsored by defendant Coca Cola Company with defendant Glendinning acting as the promotional agent. The contest ran from March 10 through May 31, 1969. Game cards were made available to the public. Each contained ten questions. The question by its terms identified a famous person. The question was to be matched in answer by a picture of the person. The pictures were impressed on the underside of Tab and Coca Cola bottle caps and can covers. The rules stated that there might not be a correct answer for each question. The prize for the successful completion of a card was $100.

After the deadline for submitting entries had passed, it was claimed that defendants announced that some of the questions required *two* answers. Plaintiffs argue that as a direct result of this alleged rule change only a few of the 1.5 million entrants were adjudged winners of a $100 prize.[1] They argue

---

[1] Subsequent to the contest's conclusion, the Federal Trade Commission filed a formal compliant against defendants herein charging them with violating § 5 of the Federal Trade Commission Act, 15

that each person answering all of the questions with one correct answer should have received a prize in accordance with the implication of the original rules.

Plaintiff Paley first brought a class action in the United States District Court for the Eastern District of Michigan. The suit was dismissed because the trial court held that plaintiffs could not aggregate their claims to satisfy the $10,000 amount in controversy necessary to sustain diversity jurisdiction. 28 USCA 1332(b).

He then brought the instant action in Oakland County Circuit Court, suing on behalf of himself and all others similarly situated. After plaintiff filed the present action, he amended his complaint to add 22 other named plaintiffs.

The trial court accepted defendants' contention that it possessed no jurisdiction over this cause of action because plaintiffs' claims herein could not be aggregated to meet the $3000 amount in controversy requisite for circuit courts to have jurisdiction in all civil cases in this state. MCLA 600.8301; MSA 27A-.8301. Plaintiffs' claims cannot amount to more than $100 individually. They argue on appeal that jurisdiction was properly founded at the circuit court level by permissible aggregation and, therefore, that the trial judge's dismissal of the class action for want of jurisdiction was error.

Thus, we face the issue specified at the outset of whether a circuit court has jurisdiction over a class action when the separate and distinct claims of each member of the class do not meet the requisite jurisdictional amount. It appears to be a case of first impression in this state.

Defendants have urged strenuously that since under prior FR Civ P, 23, the aggregation of claims

USCA 45(a)(1), by the manner in which "Big Name Bingo" was conducted. That action is presently pending.

in a "spurious" class action in order to meet the jurisdictional amount needed to establish Federal diversity jurisdiction was not permitted, that same ban on aggregation should apply to this Michigan class action. This, they contend, is because GCR 1963, 208 is derived from the Federal practice. We do not find the jurisdictional requirements in a case of Federal diversity analogous to those of our circuit courts.

In the Federal system the district courts are courts of limited jurisdiction. Jurisdiction is derived from the national constitution and the acts of the Congress. The jurisdictional amount together with diversity of citizenship or some Federal question are prerequisites to maintaining an action there.

The circuit court of Michigan conversely is the court of "original jurisdiction in all matters not prohibited by law". Const 1963, art 6, § 13. The circuit court is, for most purposes, the basic trial court of the state.

In 1968, the Michigan Legislature established a district court of limited, but exclusive, jurisdiction over civil cases in which the amount in controversy was less than $3000. Thus, the jurisdiction of the district court was carved out of the original jurisdiction of the circuit court. The line of demarcation between the district court and circuit court is primarily "the amount in controversy".

This legislation however does not entirely divest the circuit court of its basic original jurisdiction. Where no district court exists a controversy may still be brought in the circuit court. *Aetna Casualty & Surety Co* v *Dimitri,* 35 Mich App 473 (1971). Furthermore, irrespective of the amount in controversy, a cause sounding primarily in equity must be brought in the circuit court. The district court has no general equity jurisdiction. The district court

of Michigan is a court of extremely limited jurisdiction. It is governed by its own separate rules molded by a careful consideration of the types of litigation which its limited jurisdiction is likely to attract. There is no provision for class action proceedings in the district court rules. We believe this is the result of deliberate choice rather than oversight.

The circuit court then is the only one in which a class action can presently be maintained.

We are not persuaded that the increase in the jurisdictional amount in the circuit court was intended to wipe out the elaborate court rule (GCR 1963, 208) with its studied specificity of requirements and safeguards in class actions. Nor do we believe that it was intended to render nugatory all of the case precedent which has been built up over the years dealing with class actions.

We are well aware of *Snyder* v *Harris*, 394 US 332; 89 S Ct 1053; 22 L Ed 2d 319 (1969), which prohibited aggregation in the United States District Courts in diversity cases. It is fundamental that, save Federal constitutional questions, we are not bound by decisions of the United States Supreme Court. Our Supreme Court is the final arbiter in purely state questions. Further, we do not have the same tradition as do the Federal courts, prohibiting aggregation of claims in order to bring a class action. Our circuit courts have adjudicated many "spurious" class action cases where individual claims were less than the required jurisdictional amount. Our appellate courts, in reviewing such cases, have not before this time been concerned with the possibility that the lower court lacked jurisdiction. We do not believe the increase in "the amount in controversy" in our circuit court has altered the situation.

We are not unmindful of the "clogged docket" argument, but we find it impermissible to do away with an established cause of action, to which a court rule and long standing precedent both refer, by reason of docket burden. We are sympathetic, but we do not think the cure can be judicial excision of a long recognized cause of action.

So it is our view that the circuit court is the only and proper forum in which plaintiffs can assert their claim. If this requires aggregation, then aggregation must be allowed.

We reemphasize the limited character of our holding in the case at bar.

For the reasons herein discussed, we vacate the judgment entered in the circuit court and remand for further proceedings. Costs will abide final disposition.

All concurred.