BOYD v NELSON CREDIT CENTERS, INC

Docket No. 66225. Submitted August 3, 1983, at Grand Rapids.—
Decided March 20, 1984.

Plaintiffs, Escha Boyd, Pat Bowers, Dorothy Bodbyl, and 74
others, brought an action in the Kent Circuit Court against
defendant, Nelson Credit Centers, Inc., raising claims alleging
breach of contract, violation of the Retail Installment Sales Act
and violation of the Michigan Consumer Protection Act. Plain-
tiffs' complaint alleged that each plaintiff had entered into an
installment contract with 21st Century Health Spa, Inc., for
health spa services, that 21st Century went bankrupt and
ceased operation after assigning the contracts to the defendant,
and that defendant attempted to delegate performance of the
contracts to American Health Fitness Centers. Plaintiffs sought
a declaratory judgment as to the parties' rights and obligations
under the contracts, an accounting, and actual damages or the
penalty specified in § 11(2) of the Michigan Consumer Protec-
tion Act, whichever was greater. The trial court, George R.
Cook, J., held that it lacked subject matter jurisdiction and
granted an accelerated judgment for the defendant. Plaintiffs
appeal. *Held:*

1. Plaintiffs' prayer for a declaratory judgment was not of
itself sufficient to place the action within the circuit court's
subject matter jurisdiction. A circuit court has no jurisdiction
to issue a declaratory judgment unless it has jurisdiction over
the underlying controversy.

2. An action for an accounting is equitable in nature, but the

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 2, 4.
[2, 3] 20 Am Jur 2d, Courts § 106.
[4, 8] 20 Am Jur 2d, Courts §§ 88 *et seq.*, 101.
[5] 1 Am Jur 2d, Accounts and Accounting §§ 47, 60, 61, 63.
  27 Am Jur 2d, Equity § 179 *et seq.*
[6] 1 Am Jur 2d, Accounts and Accounting §§ 46, 47, 57, 60.
[7] 20 Am Jur 2d, Courts § 154 *et seq.*
[8] 20 Am Jur 2d, Courts §§ 84, 86, 97.
[9] 4 Am Jur 2d, Appeal and Error § 476.

question of whether a plaintiff has stated a cause of action for an accounting must be determined from the facts pled in the plaintiff's complaint rather than from a prayer for relief.

3. An accounting may not be had where the action is for a specific sum due under a contract. An accounting is unnecessary where discovery is sufficient to determine the amounts at issue. Here, ordinary discovery procedures would be adequate to determine the amounts at issue and plaintiffs' complaint contained no allegation of a series of mutual demands. Plaintiffs cannot, therefore, sustain a bill for an accounting. Plaintiffs' prayer for an accounting was insufficient to confer subject matter jurisdiction on the circuit court because plaintiffs failed to state a cause of action for an accounting.

4. The separate claims of the individual plaintiffs in this non-class action may not be aggregated to establish the jurisdictional minimum for circuit court.

5. The circuit court correctly ruled that it lacked subject matter jurisdiction. The Court of Appeals, in lieu of affirming the circuit court's decision, ordered the case removed to the appropriate district court. The case is remanded to the circuit court for a determination of which district court the case is to be removed to pursuant to the Court of Appeals order of removal.

Remanded with directions.

1. JUDGMENTS — ACCELERATED JUDGMENTS — SUBJECT MATTER JURISDICTION — COURT RULES.

An accelerated judgment may properly be granted to a defendant where the court lacks jurisdiction of the subject matter of the action (GCR 1963, 116.1[2]).

2. COURTS — CIRCUIT COURTS — JURISDICTION — CIVIL ACTIONS.

Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state (MCL 600.605; MSA 27A.605).

3. COURTS — DISTRICT COURTS — JURISDICTION — CIVIL ACTIONS.

The district courts have exclusive jurisdiction in civil actions where the amount in controversy does not exceed $10,000; however, district courts do not have jurisdiction in actions for injunctions, divorce, or actions which are historically equitable in nature, except as otherwise provided by law (MCL 600.8301[1], 600.8315; MSA 27A.8301[1], 27A.8315).

4. Courts — Circuit Courts — Judgments — Declaratory Judgments — Jurisdiction — Pleading — Court Rules.

A circuit court has no jurisdiction to issue a declaratory judgment unless it has jurisdiction over the underlying controversy; a plaintiff's prayer for declaratory judgment is not of itself sufficient to place an action, not otherwise within the court's subject matter jurisdiction, within the court's subject matter jurisdiction (GCR 1963, 521.1).

5. Actions — Accounts and Accounting — Equity — Pleading.

An action for an accounting is equitable in nature; the determination of whether a plaintiff has stated a cause of action for an accounting must be determined from the facts pled in the plaintiff's complaint rather than from the prayer for relief.

6. Actions — Accounts and Accounting.

There must be mutual demands, a series of transactions on one side and payments on the other, to sustain a bill for an accounting; an accounting may not be had where the action is for a specific sum due under a contract; an accounting is unnecessary where discovery is sufficient to determine the amounts at issue.

7. Courts — Circuit Courts — Jurisdiction — Jurisdictional Minimum — Aggregation of Claims.

The separate claims of individual plaintiffs may not be aggregated to establish the jurisdictional minimum for a circuit court action in a case which is not a class action.

8. Courts — Circuit Courts — District Courts — Jurisdiction — Removal of Actions — Court Rules.

A circuit court has the discretion to remove an action to the appropriate district court rather than dismiss the action where the circuit court rules that it lacks subject matter jurisdiction (MCL 600.641; MSA 27A.641; GCR 1963, 707.1).

9. Appeal — Court of Appeals — Remedies — Court Rules.

The Court of Appeals is empowered in an appeal from a circuit court's judgment or order to give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as the case may require (GCR 1963, 820.1[7]).

*Saukas, Bush & Idema, P.A.* (by *Michael L. Idema* and *Kenneth T. Saukas),* for plaintiffs.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Gregory G. Prasher),* for defendant.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. In this action, the 77 plaintiffs raise claims against defendant for breach of contract, violation of a provision of the Retail Installment Sales Act, MCL 445.865; MSA 19.416(115), and violation of the requirements of the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.* According to plaintiffs' complaint, each plaintiff entered into an installment contract with 21st Century Health Spa, Inc., for health spa services. 21st Century went bankrupt and ceased operation after assigning the contracts to defendant Nelson Credit Centers, Inc., which attempted to delegate performance of the contracts to American Health Fitness Centers. Plaintiffs sought a declaratory judgment as to the parties' rights and obligations under the contracts, an accounting, and actual damages or the penalty specified in MCL 445.911(2); MSA 19.418(11)(2), whichever was greater. The circuit court held that it lacked subject matter jurisdiction and granted accelerated judgment for defendant pursuant to GCR 1963, 116.1(2). Plaintiffs appeal as of right.

The subject matter jurisdiction of a circuit court in civil cases is governed by MCL 600.605; MSA 27A.605, which provides:

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts

---

* Circuit judge, sitting on the Court of Appeals by assignment.

are denied jurisdiction by the constitution or statutes of this state."

One exception to the subject matter jurisdiction of a circuit court is created by MCL 600.8301(1); MSA 27A.8301(1), which provides:

"The district court shall have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $10,000.00."

However, MCL 600.8315; MSA 27A.8315 provides:

"The district court shall not have jurisdiction in actions for injunctions, divorce or actions which are historically equitable in nature, except as otherwise provided by law."

We first note that plaintiffs' prayer for a declaratory judgment was not of itself sufficient to place the action within the circuit court's subject matter jurisdiction. See GCR 1963, 521.1, which provides:

"In a case of actual controversy *within its jurisdiction,* any circuit court of this state may declare the rights and other legal relations of any interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." (Emphasis added.)

A circuit court has no jurisdiction to issue a declaratory judgment unless it has jurisdiction over the underlying controversy. See *Fornell v Fornell Equipment, Inc,* 39 Mich App 709, 723; 198 NW2d 694 (1972), *rev'd on other grounds* 390 Mich 540; 213 NW2d 172 (1973). The Supreme Court specifically approved the reasoning of the Court of Appeals on the jurisdictional issue. 390 Mich 549.

Compare *Grunow v Sanders,* 84 Mich App 578; 269
NW2d 683 (1978) (Court of Claims has jurisdiction
to render declaratory judgment in a case otherwise
within its subject matter jurisdiction).

An action for an accounting is equitable in
nature, but whether a plaintiff has stated a cause
of action for an accounting must be determined
from the facts pled in the plaintiff's complaint
rather than from the prayer for relief. *Marshall v
Ullmann,* 335 Mich 66, 71; 55 NW2d 731 (1952). In
*Laubengayer v Rohde,* 167 Mich 605, 611; 133 NW
535 (1911), the Court explained:

"To sustain a bill for an accounting there must be
mutual demands, a series of transactions on one side,
and payments on the other. Where all the items are on
one side, there can be no accounting. The bill shows no
items of which the complainant is not fully informed,
and the only items involved are the money complainant
paid for the land and money expended by him in its
improvement."

An accounting may not be had where the action
is for a specific sum due under a contract. *Brown v
Brodsky,* 348 Mich 16, 22; 81 NW2d 363 (1957);
*Basinger v Provident Life & Accident Ins Co,* 67
Mich App 1, 8; 239 NW2d 735 (1976). An account-
ing is unnecessary where discovery is sufficient to
determine the amounts at issue. *Cyril J Burke, Inc
v Eddy & Co, Inc,* 332 Mich 300, 303; 51 NW2d 238
(1952). Here, plaintiffs' complaint contains no alle-
gation of a series of mutual demands. Plaintiffs'
claims are for the refund of specific sums paid
under their contracts, or alternatively, for the
penalty specified in MCL 445.911(2); MSA
19.418(11)(2). The allegations in plaintiffs' com-
plaint do not support an inference that the trans-
actions at issue are so complex that ordinary

discovery procedures would be inadequate. In this connection, we note that nearly all of the plaintiffs submitted affidavits in support of a motion for summary judgment and that nearly all of the affidavits specified the exact amount at issue. Plaintiffs' reliance on MCL 445.860; MSA 19.416(110) is misplaced; that section requires a holder of a retail installment contract to forward to the buyer upon written request a written statement of the dates and amounts of payments and the total amount unpaid under the contract. The section does not purport to give buyers the right to bring an equitable action for an accounting and shows, if anything, that the plaintiffs had an adequate remedy without such an action. Plaintiffs' prayer for an accounting was insufficient to confer subject matter jurisdiction on the circuit court because plaintiffs failed to state a cause of action for an accounting.

No individual plaintiff made a claim for more than $10,000, but it is not disputed that all of the claims, if aggregated, would exceed that amount. In class actions, some Michigan courts have permitted the claims of individual members of the class to be aggregated to establish the jurisdictional minimum for circuit court. *Paley v Coca Cola Co,* 39 Mich App 379; 197 NW2d 478 (1972), *aff'd on other grounds by equally divided court* 389 Mich 583; 209 NW2d 232 (1973); *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Michigan,* 98 Mich App 1, 10-11; 296 NW2d 589 (1980). However, this case is not a class action. Whether, in an action which is not a class action, the separate claims of individual plaintiffs may be aggregated to establish the jurisdictional minimum is a question of first impression in Michigan. However, such aggregation is not permitted to estab-

lish the jurisdictional minimum for federal question jurisdiction in federal district court. *Clark v Paul Gray, Inc,* 306 US 583, 589; 59 S Ct 744; 83 L Ed 1001 (1939). *Clark* is in accord with the general rule in other jurisdictions; see 20 Am Jur 2d, Courts, § 168, pp 508-509. Plaintiffs' reliance on *Crippen v Fletcher,* 56 Mich 386; 23 NW 56 (1885), and *Henderson v Detroit & M R Co,* 131 Mich 438; 91 NW 630 (1902), is misplaced; in those cases the Court merely permitted aggregation of various claims of a single plaintiff, a result in accord with the majority rule in other jurisdictions. See 20 Am Jur 2d, Courts, § 167, pp 507-508. We find *Clark* and similar decisions persuasive and elect to follow them.

The circuit court correctly ruled that it lacked subject matter jurisdiction. However, under the circumstances presented, the circuit court had discretion to remove the action to the appropriate district court rather than dismiss it. GCR 1963, 707.1; MCL 600.641; MSA 27A.641. In lieu of affirming the circuit court's decision, we exercise our power pursuant to GCR 1963, 820.1(7) to grant such relief as the case may require and order the case removed to the appropriate district court. Because the record does not disclose which district court is appropriate, we remand the case to circuit court for resolution of that question.

Remanded for further proceedings consistent with this opinion. We retain no jurisdiction.