# STATE OF MICHIGAN

# COURT OF APPEALS

PRIORITY PATIENT TRANSPORT, LLC,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
May 2, 2017

No. 329420
Wayne Circuit Court
LC No. 15-008254-NF

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition in this action plaintiff brought pursuant to the no-fault act, MCL 500.3101 *et seq.*, and where it also alleged breach of contract. We affirm.

Plaintiff, a medical transportation service provider, filed a complaint against defendant in the circuit court, alleging that defendant failed to tender personal injury protection (PIP) benefits for the medical transportation of 14 separate individuals in violation of the no-fault act and its automobile insurance contract. In response, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(4), asserting that the trial court lacked subject-matter jurisdiction because plaintiff could not aggregate separate PIP claims to meet the amount in controversy threshold provided by MCL 600.8301(1). The trial court granted defendant's motion for summary disposition.

On appeal, plaintiff argues that its individual PIP claims, none of which individually exceed $25,000, can be joined and aggregated to meet the jurisdictional minimum in circuit court. We disagree.

"This Court reviews de novo a claim that a trial court lacks jurisdiction to hear a case." *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 392; 864 NW2d 598 (2014) (footnote omitted), citing *Packowski v United Food and Commercial Workers Local 951*, 289 Mich App 132, 138; 796 NW2d 94 (2010). The trial court may properly grant summary disposition pursuant to MCR 2.116(C)(4) when it lacks jurisdiction over the subject matter presented. *Wyoming Chiropractic Health Clinic, PC*, 308 Mich App at 392. To make its determination, "[t]his Court examines whether the pleadings, affidavits, depositions, admissions, and documents in the case show that the trial court lacked subject[-]matter jurisdiction." *Id.*, citing *Packowski*, 289 Mich App at 138-139 (footnote omitted).

-1-

MCR 2.203(B) provides:

A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party. If a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court may grant relief only in accordance with the substantive rights of the parties.

Plaintiff argues that it has the ability to join its claims related to each of the injured individuals cited in its complaint, and aggregate those claims to satisfy the threshold for jurisdiction in the circuit court. Thus, we address plaintiff's joinder claim in the context of the circuit court's subject-matter jurisdiction.

Under MCL 600.605, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the trial courts are denied jurisdiction by the constitution or statutes of this state." District courts have "exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1). The statute does not define "amount in controversy," but in *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016), the Michigan Supreme Court held that "in its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." (Footnote and citations omitted.) Thus, "the jurisdictional amount is determined on the face of the pleadings." *Id*. at 220.

In its first amended complaint, plaintiff requested that the trial court enter judgment in its favor in an amount greater than $25,000, plus penalties, interest, and attorney fees. Plaintiff listed the 14 individuals for whom it had provided medical transportation services, and the financial loss it suffered with regard to each individual as a result of defendant's failure to tender PIP benefits. The precise issue presented to this Court is whether plaintiff can aggregate these individual PIP claims for the purpose of obtaining jurisdiction in the circuit court. Both parties cite *Boyd v Nelson Credit Ctrs, Inc*, 132 Mich App 774; 348 NW2d 25 (1984), and *Moody v Home Owners Ins Co*, 304 Mich App 415; 849 NW2d 31 (2014), rev'd on other grounds by *Hodge*, 499 Mich 211 (2016), in support of their arguments.[1] The Michigan Supreme Court's decision in *Hodge*, 499 Mich at 217, is also of guidance, where the *Hodge* Court recently elucidated the well-settled principles of law concerning determining a court's subject-matter jurisdiction. Specifically, the *Hodge* Court stated that "[o]ur courts have long held that courts are to determine their subject matter jurisdiction by reference to the pleadings." The *Hodge* Court went on to observe:

---

[1] Moody's companion case was *Hodge v State Farm Mut Auto Ins Co*, 304 Mich App 415; 849 NW2d 31 (2014).

The common-law rule is marked not only by its longevity but by its simplicity. The *ad damnum* clause in the plaintiff's complaint is a straightforward measure of the court's jurisdiction. [*Id*. at 222-223.]

Accordingly, we are cognizant of the Michigan Supreme Court's directive in *Hodge* that the pleadings alone will determine a court's jurisdiction. *Id.* at 217, 219. However, in *Hodge*, the Michigan Supreme Court did not address the factual scenario presented here, where an individual plaintiff is attempting to aggregate the PIP claims of multiple individuals in an effort to satisfy the jurisdiction requirements of the circuit court.

*Boyd* involved an action by multiple plaintiffs against a single defendant for breach of contract and other claims. *Boyd*, 132 Mich App at 777. Acknowledging it was an issue of first impression, this Court held that in an action which is not a class action, the individual claims of multiple plaintiffs could not be aggregated to "establish the jurisdictional minimum for circuit court." *Boyd*, 132 Mich App at 780-781. In *Moody*, which involved consolidated appeals, an individual named Moody filed a complaint in district court against an insurance company for no-fault benefits, alleging that his claim for damages did not exceed $25,000. *Moody*, 304 Mich App at 420. The district court consolidated Moody's case with a case filed by three of his service providers, seeking reimbursement for services provided to Moody as a result of his motor vehicle accident. *Id*. On appeal, this Court held that a trial court may look beyond the pleadings to determine the amount in controversy pursuant to MCL 600.8301(1), concluding that the district court lacked subject-matter jurisdiction because Moody's pretrial discovery answers, arguments before trial, and evidence at trial demonstrated that the amount in controversy exceeded $25,000. *Id*. at 428-431.

In *Hodge*, 499 Mich at 223-224, the Michigan Supreme Court reversed this Court's holding in *Moody* that the limits of the district court's jurisdiction can be determined by considering matters outside the four corners of the complaint. However, portions of the *Moody* Court's opinion that were not overruled are relevant to the determination of the issue presented here and must be addressed. Along with concluding that the district court lacked subject-matter jurisdiction to hear the case, the *Moody* Court rejected the providers' assertion that their claims could be saved, and could be heard in district court, if severed from Moody's case. *Moody*, 304 Mich App at 438, 440. The *Moody* Court reasoned that "the providers' claims actually belong[ed] to Moody because 'the right to bring an action for personal protection insurance [PIP] benefits, including claims for attendant care services, belongs to the injured party.'" *Id*. at 442, citing *Hatcher v State Farm Mut Auto Ins Co*, 269 Mich App 596, 600; 712 NW2d 744 (2005). Thus, under the specific facts of *Moody*, where the cases were consolidated, there was "such an identity between the providers' and Moody's claims that consolidation for trial resulted in merging the claims for purpose of determining the amount in controversy under MCL 600.8301(1)." *Moody*, 304 Mich App at 443. This Court also distinguished *Boyd*, stating, "[b]ecause the providers' claims are derivative of Moody's claims, we find applicable the exception noted in *Boyd* that permits aggregating the claims of a single plaintiff for the purpose of determining whether a court has subject-matter jurisdiction because the amount-in-controversy limitation is satisfied or, as here, exceeded." *Id*. at 441, citing *Boyd*, 132 Mich App at 781.

After a close review of *Moody*, it is clear that the *Moody* Court's legal determination that Moody and the providers' claims were merged for purposes of determining the district court's jurisdiction was premised on the particular facts of that case, where the cases had already been consolidated for trial. *Id*. Likewise, the *Moody* Court's determination that the general rule set forth in *Boyd* precluding the merging of the claims of multiple plaintiffs to meet the circuit court's threshold jurisdiction was inapplicable was also grounded in the specific facts of *Moody*. After reviewing plaintiff's first amended complaint and considering the facts of this case, it is clear that plaintiff is essentially attempting to subvert the rule first articulated by this Court in *Boyd*. Therefore, on the basis of the foregoing analysis, we conclude that plaintiff's attempt to bring its claims within the circuit court's jurisdiction by aggregating the claims of several individuals is not permissible. Accordingly, the circuit court correctly determined that it does not have jurisdiction over plaintiff's claims.[2]

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood

---

[2] Given our conclusion that the circuit court correctly concluded that it did not have jurisdiction in this case, we need not address plaintiff's perfunctory argument that it serves the interests of judicial economy to allow plaintiff to pursue its claims in the circuit court.