*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE PC,

      Plaintiff-Appellant,

FOR PUBLICATION
September 2, 2021

v

No. 354765
Oakland Circuit Court
LC No. 2020-181621-NF

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

      Defendants-Appellees.

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

RIORDAN, P.J. (*dissenting*).

I respectfully dissent.

Plaintiff Michigan Head & Spine Institute sued defendant Auto-Owners Insurance Company and defendant Home-Owners Insurance Company—apparently two unrelated entities—for no-fault benefits under the no-fault act, MCL 500.3101 *et seq*., for healthcare services that it provided to 39 patients. There is nothing in the complaint to suggest that the claims for these 39 patients are connected in any respect beyond the allegation that "DEFENDANTS are the No-Fault insurers that are responsible to pay No-Fault benefits to or for the benefit of the patients." In other words, the complaint indicates that plaintiff sought to aggregate unrelated patient claims against two unrelated defendants to satisfy the jurisdictional minimum of the circuit court.[1]

---

[1] MCL 600.605 provides that "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given . . . by statute to some other court . . . ." And, MCL 600.8301(1) provides that "[t]he district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." Thus, the circuit court has jurisdiction over cases in which the amount in controversy exceeds $25,000. Here, the complaint itself does not expressly state that aggregation of the claims is necessary to satisfy the jurisdictional minimum of the circuit court. However, the parties do not dispute that such

-1-

As the majority correctly states, "our Supreme Court has held that, absent bad faith in the pleadings, the amount in controversy is determined from the prayer for relief in the plaintiff's pleadings." See *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016) ("[I]n its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest.").[2] The prayer for relief in the instant pleading includes no particular amount in controversy or other monetary amount, so for this reason alone I question whether the jurisdiction of the circuit court was properly invoked.

I acknowledge that the pleading summarily alleges elsewhere that "[j]urisdiction is proper in [the circuit court], because the amount in controversy is more than $25,000.00." Assuming that the entire pleading, and not simply the prayer for relief, is the measure of jurisdiction—a necessary assumption implicit within the majority opinion—I would still conclude that the circuit court lacked jurisdiction over this case.

In *Boyd v Nelson Credit Ctrs*, 132 Mich App 774; 348 NW2d 25 (1984),[3] this Court explained that aggregation of "the separate claims of individual plaintiffs" is "not permitted to establish the jurisdictional minimum." *Id*. at 780-781. However, this Court added that "aggregation of various claims of a single plaintiff" is permitted to establish the jurisdictional minimum. *Id*. at 781. The majority here concludes that the latter principle applies because "although Michigan Head & Spine has 39 individual claims based on treatment it provided to 39 separate patients, Michigan Head & Spine is indisputably a single plaintiff attempting to aggregate its various claims." I respectfully disagree.

That conclusion, in my view, is inconsistent with *Moody v Home Owners Ins Co*, 304 Mich App 415; 849 NW2d 31 (2014), rev'd sub nom *Hodge*, 499 Mich 211,[4] which specifically addressed determining the amount in controversy in no-fault actions. *Moody* explained that in no-fault actions, a healthcare provider's claim against a no-fault insurer is derivative of the patient's underlying claim, such that when a single patient sues a no-fault insurer to recover no-fault benefits for services received from multiple healthcare providers, "the consolidated claims are the

---

aggregation is necessary, particularly where an attached exhibit to the complaint indicates that only one claim for patient services would satisfy the jurisdictional minimum.

[2] See also *id*. at 224 ("[T]he prayer for relief controls when determining the amount in controversy and the limit of awardable damages.").

[3] "Although published opinions of this Court decided before November 1, 1990, are not strictly binding, MCR 7.215(J)(1), they are nevertheless precedential, MCR 7.215(C)(2), and they are thus afforded significantly more deference than would be given to unpublished cases." *People v Spaulding*, 332 Mich App 638, 657 n 5; 957 NW2d 843 (2020).

[4] *Hodge* reversed the holding in *Moody* that the district court may be "divested of jurisdiction when the pretrial discovery answers, the arguments of plaintiff's counsel before trial and the presentation of evidence at trial pointed to damages in excess of $25,000," notwithstanding that the complaint itself alleged damages not exceeding $25,000. *Hodge*, 499 Mich at 214-215 (cleaned up). *Hodge* did not reverse other holdings in *Moody*.

equivalent of a single plaintiff asserting multiple claims against a single defendant." *Moody*, 304 Mich App at 443. Thus, in no-fault actions, the *Boyd* principle that "aggregation of various claims of a single plaintiff" is permitted to establish the jurisdictional minimum applies when the "single plaintiff" at issue is the *patient*, not the healthcare provider. There is nothing in *Moody* to suggest that the inverse is true as well, i.e., that a single healthcare provider may aggregate the various claims of multiple patients to establish the jurisdictional minimum. This is for good reason— because the healthcare provider's claim is derivative of the patient's claim, *id*. at 441, a single healthcare provider bringing claims against a no-fault insurer for multiple patients is, in essence, bringing "the separate claims of individual plaintiffs," contrary to *Boyd*, 132 Mich App at 780- 781.

Simply put, a no-fault action is materially distinguishable from the ordinary case in which a single plaintiff seeks to aggregate multiple, if unrelated, claims against a single defendant to satisfy the jurisdictional minimum of the circuit court. In that case, the majority is correct that aggregation of claims is a question of permissive joinder under MCR 2.203(B), not a threshold question of subject-matter jurisdiction determined from the pleadings alone. But a no-fault action, in contrast, presents an unusual case in which the amount in controversy for the purposes of subject-matter jurisdiction is determined by identifying the amount in controversy alleged with respect to a single patient. See *Moody*, 304 Mich App at 443. Again, because a healthcare provider's claim against a no-fault insurer is derivative of the patient's underlying claim, a healthcare provider bringing claims against no-fault insurers for multiple patients based upon multiple and presumably distinguishable insurance policies, essentially is bringing the claims of multiple plaintiffs.

Subsequent developments in the law do not obviate this aspect of *Moody*. In 2017, our Supreme Court held that neither MCL 500.3112 nor any other provision of the no-fault act "bestow[] on a healthcare provider a statutory right to directly sue no-fault insurers for recovery of no-fault benefits." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017). In so holding, *Covenant* overruled a series of our decisions holding that healthcare providers did possess such a statutory right. See, e.g., *Moody*, 304 Mich App 415; *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442; 830 NW2d 781 (2013); *Regents of the Univ of Mich v State Farm Mut Ins Co*, 250 Mich App 719; 650 NW2d 129 (2002). In response to *Covenant*, the Legislature amended MCL 500.3112(1) effective June 11, 2019, to provide that a healthcare provider "may make a claim and assert a direct cause of action against an insurer . . . to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person." See 2019 PA 21. 2019 PA 21 therefore revived the holdings in cases such as *Moody* that healthcare providers have claims against no-fault insurers "completely derivative of and dependent on" the underlying claims of the patients themselves. *Moody*, 304 Mich App at 440.[5] See *People v Williams*, 491 Mich 164, 177; 814 NW2d 270 (2012)

---

[5] See also *Regents of the Univ of Mich*, 250 Mich App at 733 ("Although [the healthcare providers] may have derivative claims, they also have direct claims for personal protection insurance benefits."); *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 395; 864 NW2d 598 (2014) (same).

(noting that statutory amendments in response to judicial decisions should be interpreted in light of those decisions).

Accordingly, while the majority is correct that ordinarily a single plaintiff may aggregate multiple, unrelated claims against a single defendant to satisfy the jurisdictional minimum of the circuit court, see *Boyd*, 132 Mich App at 781, that is not the case before us. Instead, the case before us concerns a single healthcare provider seeking to aggregate the claims of multiple, unrelated *plaintiffs* against a single defendant to satisfy the jurisdictional minimum of the circuit court. In my view, *Moody* precludes plaintiff here from doing so. Therefore, I respectfully dissent and would affirm the trial court's dismissal of this case for lack of subject-matter jurisdiction.[6]

/s/ Michael J. Riordan

---

[6] Although not necessary for resolution of this case, I respectfully disagree with the majority's very cursory analysis, and inverted reasoning, of *Priority Patient Transport, LLC v Farmers Ins Exch*, unpublished per curiam opinion of the Court of Appeals, issued May 2, 2017 (Docket No. 329420). That case is premised upon *Moody*'s discussion of derivative claims in the no-fault context. That is, *Priority Patient* did not treat the healthcare provider as a "single plaintiff" for the purposes of *Boyd* because *Moody* indicated that the healthcare provider was essentially multiple plaintiffs for the purposes of *Boyd*. *Priority Patient* correctly recognized that in *Moody*, there were three claims arising from a single insurance policy emanating from the same, single incident, which is quite the opposite of the fact pattern before us. Even if *Moody* is no longer valid law on that point, *Priority Patient* was nonetheless correct to rely on *Moody* at the time because *Covenant* had not yet been decided by our Supreme Court, and MCL 500.3112(1) had not yet been amended by the Legislature.

-4-