*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE,

       Plaintiff-Appellant,

v

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
November 4, 2021

No. 355521
Oakland Circuit Court
LC No. 2020-180719-NF

Before: RICK, P.J., and RONAYNE KRAUSE and LETICA, JJ.

PER CURIAM.

In this no-fault action, plaintiff, Michigan Head & Spine Institute appeals by right the circuit court order granting defendant's motion for summary disposition under MCR 2.116(C)(4) (lack of jurisdiction). For the reasons stated in this opinion, we reserve and remand for further proceedings.

## I. BACKGROUND

This appeal arises from plaintiff's claim for no-fault insurance benefits from defendant for healthcare services provided to 24 individuals between April 2019 and February 2020. Plaintiff argued that it submitted reasonable proof of the fact and amount of each loss and repeatedly requested full payment of the outstanding charges, and that defendant unreasonably withheld or delayed full payment. Plaintiff asserted that the circuit court had jurisdiction because the amount in controversy exceeded $25,000. Plaintiff also attached documentation to its complaint showing that the unpaid balance was over $91,000 dollars.

At the time the complaint was filed, each individual listed in the complaint had executed an assignment of benefits or was expected to execute an assignment consistent with MCL 500.3143, assigning to plaintiff their rights, privileges, and remedies to recover payment of no fault benefits for services rendered by plaintiff. Plaintiff argued that it was entitled to enforce the insureds' rights against defendant under each assignment. Additionally, under MCL 500.3112, effective June 11, 2019, plaintiff argued that it could assert a direct cause of action against defendant to recover overdue benefits.

Defendant filed a motion for summary disposition under MCR 2.116(C)(4), (6), (7), (8), and (10). Defendant argued that the 24 individuals listed in the complaint were involved in separate motor-vehicle accidents that occurred on different dates and locations, resulting in different treatments. Defendant asserted that 23 of the 24 claims did not meet the minimum $25,000 threshold for subject-matter jurisdiction of the circuit court. Additionally, defendant argued that plaintiff could not "aggregate" the 24 different claims to meet the circuit court's jurisdictional requirement because plaintiff was an assignee who stood in the shoes of the individual assignors and the assignors could not have combined their claims and brought them against defendant under MCR 2.206. Therefore, defendant asserted that the 24 claims should be severed under MCR 2.207 or separated under MCR 2.505(B) and proceeded with separately.

Additionally, defendant argued that one of the individuals listed in the complaint, had filed his own lawsuit to recover no fault benefits against defendant. Therefore, defendant asserted that plaintiff's claim related to that individual should be dismissed under MCR 2.116(C)(6). Defendant also asserted that two other claims should also be dismissed because those individuals had released all no-fault claims against defendant by executing a release.

In response, plaintiff argued that plaintiff properly filed the 24 claims in accordance with MCR 2.203(B), as a single plaintiff. It further argued that a plaintiff, having multiple assignments, could pursue its rights in accordance with the assignments in a single claim and aggregate the various claims against defendant to establish the jurisdictional minimum of the circuit court and that its claims exceeded $25,000. Plaintiff also asserted that it maintained a direct cause of action for any services provided on or after June 11, 2019, under MCL 500.3112.

Plaintiff argued that the claims should not be severed because "while the claims involve[d] different patients, there [was] significant overlap in the issues pertaining to the charges[.]". In the event the court granted defendant's motion, plaintiff requested that the court transfer the claims to district court and "preserve the one-year back from the filing of [the] complaint."

In response to plaintiff's argument, defendant asserted that each of the 24 claims would require deposition testimony from treating doctors and the insureds relative to the alleged injuries and separate discovery and medical records to determine the entitlement to no-fault benefits. Defendant also argued that the claims must be severed or the single action would confuse the jury and "extremely prejudice" defendant.

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(4). The court found as follows:

> The action was filed by Plaintiff on behalf of 24 different claimants/assignors. All 24 were involved in separate motor vehicle accidents that allegedly necessitated treatment by Plaintiff. This Court finds that summary disposition is appropriate. Plaintiff may not aggregate the individual claims pertaining to each assignor to meet the Court's jurisdictional limits. The separate assignors could not have combined their claims to meet the jurisdictional limit and the assignee stands in the shoes of the assignor.

The court did not address plaintiff's request regarding the transfer to district court.

On appeal, plaintiff argues that the circuit court erred by concluding that it lacked jurisdiction to hear its claim and by granting summary disposition in favor of defendant under MCR 2.116(C)(4). We agree.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision whether to grant or deny a motion for summary disposition. *Ingham Co v Mich Co Rd Comm Self-Ins Pool*, 321 Mich App 574, 579; 909 NW2d 533 (2017), remanded on other grounds by 503 Mich 917 (2018). "Whether the trial court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 49-50; 620 NW2d 546 (2000). We also review de novo the proper interpretation and application of court rules. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

"Summary disposition is appropriate under MCR 2.116(C)(4) when the court lacks jurisdiction of the subject matter." *Southfield Ed Assn v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 373; 909 NW2d 1 (2017) (cleaned up). "In reviewing a motion under MCR 2.116(C)(4), we examine whether the pleadings, affidavits, depositions, admissions, and documents in the case show that the trial court lacked subject-matter jurisdiction." *Mich Head & Spine Institute PC v Auto-Owners Ins Co*, ___ Mich App___; ___ NW2d ___ (2021) (Docket No. 354765); slip op at 2.

## III. ANALYSIS

### A. SUBJECT MATTER JURISDICTION

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. District courts have "exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301(1). The statute does not define "amount in controversy." However, "absent bad faith in the pleadings, the amount in controversy is determined from the prayer for relief in the plaintiff's pleadings." *Mich Head & Spine Institute PC*, ___ Mich App at___; slip op at 2. In its complaint, plaintiff alleged that the amount in controversy exceeded $25,000. There is no evidence that plaintiff did so in bad faith. Therefore, plaintiff satisfied the circuit court's jurisdictional threshold. *Id*. at___; slip op at 2.

The circuit court held that plaintiff could not aggregate multiple claims of multiple patients, who had assigned their rights to plaintiff, to meet the circuit court's jurisdictional threshold. This Court recently decided a similar issue in *Mich Head & Spine Institute PC*. In *Mich Head & Spine Institute PC*, the plaintiff, a health care provider, filed a complaint for no-fault insurance benefits from defendants for healthcare services provided to 39 individuals involved in separate motor-vehicle accidents. *Id*. at ___; slip op at 1. The circuit court granted summary disposition in favor of the defendants, concluding that the plaintiff could not aggregate multiple claims of multiple patients to meet the circuit court's jurisdictional requirement. *Id*. at ___; slip op at 3. This Court concluded that, in granting summary disposition for lack of subject-matter jurisdiction, the trial court had misapplied *Boyd v Nelson Credit Ctrs*, 132 Mich App 774, 780-781; 348 NW2d 25 (1984). In discussing the holding in *Boyd*, this Court concluded that, although "separate claims of

individual plaintiffs may not be aggregated for the purposes of determining jurisdiction . . . . [T]he various claims of a single plaintiff may be aggregated." *Mich Head & Spine Institute PC*, ___ Mich App at___; slip op at 3. Further, we recognized that although the plaintiff had 39 individual claims based on treatment it provided to 39 separate patients, the plaintiff was "indisputably a single plaintiff attempting to aggregate its various claims." *Id*. at ___; slip op at 3. Therefore, we held that the plaintiff could "aggregate its various claims for the purposes of determining jurisdiction." *Id*. at ___; slip op at 3.

In the instant case, defendant made similar arguments for lack of subject-matter jurisdiction as the defendants in *Mich Head & Spine Institute PC*.[1] Accordingly, in applying *Mich Head & Spine Institute PC*, we conclude that the trial court erred by holding that plaintiff could not aggregate its various claims "to satisfy the jurisdictional limits of the circuit court." *Mich Head & Spine Institute PC*, ___ Mich App at___; slip op at 4. Therefore, the circuit court also erred by granting summary disposition under MCR 2.116(C)(4) in favor of defendant.

## B. JOINDER OF CLAIMS

Plaintiff also argues that it permissively joined its claims under MCR 2.203(B). On the other hand, defendant argues that, under MCR 2.206, plaintiff improperly joined the claims of multiple plaintiffs and that joinder of the 24 claims "will result in significant prejudice to the Defendant and confusion for the jury and is not conducive to the convenient administration of justice." We addressed similar arguments in *Mich Head & Spine Institute PC,* in which we concluded that the defendants' argument that the plaintiff improperly joined the claims of multiple plaintiffs under MCR 2.206 had no merit because the plaintiff had a direct claim or cause of action against the defendants for claims arising on or after June 11, 2019, under MCL 500.3112, as amended by 2019 PA 21. *Id*. at ___ n 2; slip op at 4. However, as it relates to joining multiple claims under MCR 2.203, the instant case is factually different than *Mich Head & Spine Institute PC* because the claims at issue in that case arose on or after June 11, 2019. *Id*. at ___; slip op at 1. However, in the instant case, there are claims that occurred before June 11, 2019, before the amended language of MCL 500.3112 took effect.

Nonetheless, this Court provided some guidance as to the application of MCR 2.203 in *Mich Head & Spine Institute PC*, ___ Mich App at___ n 2; slip op at 4. Similar to *Mich Head & Spine Institute PC*, the parties in this case dispute whether plaintiff could join all of its claims against defendant under MCR 2.203. Notably, the trial court did not decide this issue because it erroneously concluded that it lacked subject-matter jurisdiction.

MCR 2.203 provides, in relevant part:

> (A) Compulsory Joinder. In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction

---

[1] We note that in arguing that the circuit court lacked subject-matter jurisdiction, defendant acknowledged that one of the 24 individual claims listed in plaintiff's complaint met the circuit court's jurisdictional threshold.

or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

> (B) Permissive Joinder. A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party. If a claim is one previously cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court may grant relief only in accordance with the substantive rights of the parties. [MCR 2.203(A) and (B).]

Therefore, under MCR 2.203(B), plaintiff may join as many claims as it has against defendant. Defendant argues, without specificity, that there are multiple other issues relevant to the individual claims that would justify severance of the cases under MCR 2.207 (DBA, 10-11).[2] However, "the record requires further development through discovery before the accuracy of those representations can be determined so as to allow the court to rule on a motion for severance." *Mich Head & Spine Institute PC*, ___ Mich App at ___ n 2; slip op at 4. Therefore, we decline to address this issue. See *id*.

Defendant also argues that summary disposition of one of the 24 individual claims would be appropriate under MCR 2.116(C)(6) because that individual filed his own no-fault lawsuit. The trial court also did not address this ground. However, "[i]f summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart." *Detroit News, Inc v Policemen & Firemen Retirement Sys of Detroit*, 252 Mich App 59, 66; 651 NW2d 127, 131 (2002) (cleaned up).

"Summary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323; 900 NW2d 680, 689 (2017) (cleaned up). As indicated, plaintiff had a direct cause of action against defendant for claims arising on or after June 11, 2019, under MCL 500.3112, as amended by 2019 PA 21. The pleadings indicate that there were claims that arose on or after June 11, 2019. Therefore, defendant's argument has no merit. Additionally, defendant argues that summary disposition was appropriate for two other claims because of alleged releases signed by those individuals. As indicated, plaintiff had a direct cause of action against defendant under MCL 500.3112. Additionally, the trial court did not decide this issue, and we

---

[2] MCR 2.207 relates to misjoinder and nonjoinder of a party. See MCR 2.207. However, the rule also provides that "[a] claim against a party may be severed and proceeded with separately." MCR 2.207. Additionally, we note that a trial court may order a separate trial of one or more claims "[f]or convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ." MCR 2.505.

decline to do so because the record requires further development in order to determine that issue. See *Detroit News*, 252 Mich App at 66.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiff may tax costs as the prevailing party. MCR 7.219(A).[3]

/s/ Michelle M. Rick
/s/ Amy Ronayne Krause
/s/ Anica Letica

---

[3] Given our resolution, we need not address plaintiff's alternate argument that the circuit court erred by dismissing its claims instead of removing them to the appropriate district courts.